IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| EON CORP. IP HOLDINGS, LLC, | § § § | |
| Plaintiff, | § § | CIVIL ACTION FILE |
| v. | § § | No. 6:09-cv-116-LED |
| SENSUS METERING SYSTEMS, INC., ET. AL., | § § § | |
| Defendants. | § § | JURY TRIAL DEMANDED |

## DEFENDANT SENSUS USA INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO FIRST AMENDED COMPLAINT

Defendant Sensus USA Inc., formerly known as Sensus Metering Systems Inc. ("Sensus") answers the First Amended Complaint ("Complaint") of Plaintiff EON CORP. IP HOLDINGS, LLC ("EON"), asserts its affirmative defenses, and states its counterclaims as follows:

## PARTIES

1.   Plaintiff EON Corp. IP Holdings, LLC is a Texas limited liability company with its registered office located at 110 North College, 500 Plaza Tower, Tyler, Texas 75702.

**ANSWER:**   Sensus is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 and, therefore, denies these allegations.

2.   Defendant Sensus is a Delaware corporation with its principal place of business at 8601 Six Forks Road, Suite 300, Raleigh, North Carolina 27615-2965. The causes of action against Sensus in this Complaint arose from or are connected with purposeful acts committed by

Sensus in Texas because, within the State of Texas and/or this judicial district, Sensus (a) uses or induces others to use a two-way communication network to provide paging, messaging, and/or telemetry services and (b) transacts other business in Texas. Sensus has been served with summons and has entered an appearance in this lawsuit.

**ANSWER:** Defendant Sensus Metering Systems Inc., now known as Sensus USA Inc., admits that it is a Delaware corporation and that it transacts business in the State of Texas and/or this judicial district. Sensus denies that it is committing purposeful acts that give rise to any cause of action asserted in EON's Complaint. Sensus admits that it has been served with summons and has entered an appearance in this lawsuit. Sensus denies the remaining allegations of paragraph 2.

3. Defendant MMS is a Delaware corporation with its principal place of business at 1720 Lakepointe Drive, Suite 100, Lewisville, Texas 75057. The causes of action against MMS in this Complaint arose from or are connected with purposeful acts committed by MMS in Texas because, within the State of Texas and/or this judicial district, MMS (a) uses or induces others to use a two-way communication network to provide paging, messaging, and/or telemetry services and (b) transacts other business in Texas. MMS may be served with summons through its registered agent, Corporation Service Company, 2711 Centreville Road, Suite 400, Wilmington, Delaware, 19808.

**ANSWER:** Sensus is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 and, therefore, denies these allegations.

4. Defendant ST Network is a Delaware corporation with its principal place of business at 1720 Lakepointe Drive, Suite 100, Lewisville, Texas 75057. The causes of action

against ST Network in this Complaint arose from or are connected with purposeful acts committed by ST Network in Texas because, within the State of Texas and/or this judicial district, ST Network (a) uses or induces others to use a two-way communication network to provide paging, messaging, and/or telemetry services and (b) transacts other business in Texas. ST Network may be served with summons through its registered agent, Corporation Service Corporation, 2711 Centerville Road, Suite 400, Wilmington, Delaware, 19808.

**ANSWER:**   Sensus is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 and, therefore, denies these allegations.

5.   Defendant ST Messaging is a Delaware corporation with its principal place of business at 1720 Lakepointe Drive, Suite 100, Lewisville, Texas 75057.  The causes of action against ST Messaging in this Complaint arose from or are connected with purposeful acts committed by ST Messaging in Texas because, within the State of Texas and/or this judicial district, ST Messaging (a) uses or induces others to use a two-way communication network to provide paging, messaging, and/or telemetry services and (b) transacts other business in Texas. ST Messaging may be served with summons through its registered agent, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, 701 Brazos, Suite 1050, Austin, Texas 78701.

**ANSWER:**   Sensus is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 and, therefore, denies these allegations.

6.   Defendant Bell Industries is a California corporation with its principal place of business at 8888 Keystone Crossing, Suite 1700, Indianapolis, Indiana 46240-7657.  The causes of action against Bell Industries in this Complaint arose from or are connected with purposeful

acts committed by Bell Industries in Texas because, within the State of Texas and/or this judicial district, Bell Industries (a) uses or induces others to use a two-way communication network to provide paging, messaging, and/or telemetry services and (b) transacts other business in Texas. Bell Industries may be served with summons through its registered agent, CT Corporation System, 350 St. Paul Street, Dallas, Texas 75201.

**ANSWER:**   Sensus is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 and, therefore, denies these allegations.

7.   Defendant Bell Techlogix is a Delaware corporation with its principal place of business at 8888 Keystone Crossing, Suite 1700, Indianapolis, Indiana 46240-7657.  The causes of action against Bell Techlogix in this Complaint arose from or are connected with purposeful acts committed by Bell Techlogix in Texas because, within the State of Texas and/or this judicial district, Bell Techlogix (a) uses or induces others to use a two-way communication network to provide paging, messaging, and/or telemetry services and (b) transacts other business in Texas. Bell Techlogix may be served with summons through its registered agent, CT Corporation System, 350 St. Paul Street, Dallas, Texas 75201.

**ANSWER:**   Sensus is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 and, therefore, denies these allegations.

8.   Defendant Velocita is Delaware corporation with its principal place of business at 70 Wood Avenue South, Iselin, New Jersey, 08830-2714. The causes of action against Velocita in this Complaint arose from or are connected with purposeful acts committed by Velocita in Texas because, within the State of Texas and/or this judicial district, Velocita (a) uses or induces others to use a two-way communication network to provide paging, messaging, and/or telemetry

services and (b) transacts other business in Texas. Velocita may be served with summons through its registered agent, Corporation Service Company, 701 Brazos, Suite 1050, Austin, Texas 78701.

**ANSWER:**     Sensus is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 and, therefore, denies these allegations.

9.     Defendant NAWH is Delaware corporation with its principal place of business at 70 Wood Avenue South, Iselin, New Jersey, 08830-2714. The causes of action against NAWH in this Complaint arose from or are connected with purposeful acts committed by NAWH in Texas because, within the State of Texas and/or this judicial district, NAWH (a) uses or induces others to use a two-way communication network to provide paging, messaging, and/or telemetry services and (b) transacts other business in Texas. NAWH may be served with summons through its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware, 19808.

**ANSWER:**     Sensus is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 and, therefore, denies these allegations.

10.     Defendant Spectrum is a Delaware corporation with its principal place of business at 710 Route 46 East, Suite 205, Fairfield, New Jersey, 07004. The causes of action against Spectrum in this Complaint arose from or are connected with purposeful acts committed by Spectrum in Texas because, within the State of Texas and/or this judicial district, Spectrum (a) uses or induces others to use a two-way communication network to provide paging, messaging, and/or telemetry services and (b) transacts other business in Texas. Spectrum may be served

with summons through its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware, 19808.

**ANSWER:**   Sensus is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 and, therefore, denies these allegations.

11.   Defendant Vehicle Manufacturers is a New York corporation with its principal place of business at 2095 Expressway Drive, Hauppauge, New York, 11788.  The causes of action against Vehicle Manufacturers in this Complaint arose from or are connected with purposeful acts committed by Vehicle Manufacturers in Texas because, within the State of Texas and/or this judicial district, Vehicle Manufacturers (a) uses or induces others to use a two-way communication network to provide paging, messaging and/or telemetry services and (b) transacts other business in Texas.  Pursuant to Federal Rule of Civil Procedure 4 and sections 17.044(a)-(b) and 17.045(a) of the Texas Civil Practice and Remedies Code, Vehicle Manufacturers may be served with process by serving the Texas Secretary of State as its substituted agent for service of process because (1) the Secretary of State is the agent for service on Vehicle Manufacturers, (2) Vehicle Manufacturers engaged in business in Texas, (3) Vehicle Manufacturers does not maintain a regular place of business in Texas, (4) Vehicle Manufacturers does not have a designated agent for service of process, and (5) this lawsuit arises from Vehicle Manufacturers' business in Texas. Accordingly, Vehicle Manufacturers may be served through its substituted agent for service, the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701. Vehicle Manufacturers has provided the State of New York Department of State with the following addresses without specifying which address is its "home office": (a) 2095 Expressway Drive, Hauppauge, New York, 11788 and (b) 129 Grisson Way, Hauppauge, New York, 11778. Therefore, the Texas Secretary of State shall mail a copy of the summons and the Complaint to

Defendant's home office at both addresses: (a) 2095 Expressway Drive, Hauppauge, New York, 11788 and (b) 129 Grisson Way, Hauppauge, New York, 11778. Plaintiff will provide an additional copy of the summons and Complaint to the Texas Secretary of State for mailing to both addresses.

**ANSWER:** Sensus is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 and, therefore, denies these allegations.

## JURISDICTION AND VENUE

12.   This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. §271.

**ANSWER:** Sensus admits that EON purports to bring this action under the patent laws of the United States, 35 U.S.C. §271, but Sensus denies any liability thereunder.

13.   This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:** Sensus does not contest subject matter jurisdiction over this action.

14.   This Court has personal jurisdiction over Defendants. Defendants have conducted and do conduct business within the State of Texas. Defendants, directly or through intermediaries, offer for sale, sell, and/or advertise (including through the provision of an interactive web page) their services in the State of Texas and/or the Eastern District of Texas. These infringing services have been and continue to be purchased and/or used by consumers in the State of Texas and/or the Eastern District of Texas. Defendants have committed the tort of

patent infringement within the State of Texas, and have committed the tort of patent infringement within the Eastern District of Texas.

**ANSWER:** Sensus admits that it has conducted and does conduct business within the State of Texas. Sensus denies that it, directly or through intermediaries, is offering for sale, selling, and/or advertising services that practice the subject matter claimed in the patents involved in this action. Sensus denies that it has committed the tort of patent infringement within the State of Texas, within the Eastern District of Texas, or elsewhere in the United States. Sensus is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 14 and, therefore, denies these allegations.

15. Venue is proper in this Court pursuant to 28 U.S.C. §§1391 and 1400(b).

**ANSWER:** Sensus admits that venue is proper under 28 U.S.C. §§ 1391 and 1400(b).

## COUNT I: PATENT INFRINGEMENT

16. On February 7, 1995, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '101 Patent entitled "Interactive Nationwide Data Service Communication System for Stationary and Mobile Battery Operated Subscriber Units" after a full and fair examination. EON is the assignee of all rights, title, and interest in and to the '101 Patent and possesses all rights of recovery under the '101 Patent, including the right to recover damages for past infringement.

**ANSWER:** Sensus admits that U.S. Patent No. 5,388,101 ("the '101 Patent") is entitled "Interactive Nationwide Data Service Communication System for Stationary and Mobile Battery Operated Subscriber Units," and that it was issued by the U.S. Patent and Trademark Office on February 7, 1995. Sensus denies that the '101 Patent was subject to a full and fair examination.

Sensus is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 16 and, therefore, denies these allegations.

17. On January 2, 1996, the USPTO duly and legally issued the '546 Patent, entitled "Interactive Nationwide Data Service Communication System for Stationary and Mobile Battery Operated Subscriber Units" after a full and fair examination. EON is the assignee of all rights, title, and interest in and to the '546 Patent and possesses all rights of recovery under the '546 Patent, including the right to recover damages for past infringement.

**ANSWER:** Sensus admits that U.S. Patent No. 5,481,546 ("the '546 Patent") is entitled "Interactive Nationwide Data Service Communication System for Stationary and Mobile Battery Operated Subscriber Units," and that it was issued by the U.S. Patent and Trademark Office on January 2, 1996. Sensus denies that the '546 Patent was subject to a full and fair examination. Sensus is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 17 and, therefore, denies these allegations.

18. Each of the Patents-in-Suit is valid and enforceable.

**ANSWER:** Sensus denies the allegations of paragraph 18.

19. Upon information and belief, Sensus has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patents-in-Suit in this District, the State of Texas, and elsewhere by making, using, offering for sale, and/or selling two-way communication networks and/or data systems that fall within the scope of at least one claim of each of the Patents-in-Suit.

**ANSWER:** Sensus denies the allegations of paragraph 19.

20. Upon information and belief, MMS has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patents-in-Suit in this District, the State of Texas, and elsewhere by making, using, offering for sale, and/or selling two-way communication networks and/or data systems that fall within the scope of at least one claim of each of the Patents-in-Suit.

**ANSWER:** Sensus is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 and, therefore, denies these allegations.

21. Upon information and belief, ST Network has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patents-in-Suit in this District, the State of Texas, and elsewhere by making, using, offering for sale, and/or selling two-way communication networks and/or data systems that fall within the scope of at least one claim of each of the Patents-in-Suit.

**ANSWER:** Sensus is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 and, therefore, denies these allegations.

22. Upon information and belief, ST Messaging has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patents-in-Suit in this District, the State of Texas, and elsewhere by making, using, offering for sale, and/or selling two-way communication networks and/or data systems that fall within the scope of at least one claim of each of the Patents-in-Suit.

**ANSWER:** Sensus is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 and, therefore, denies these allegations.

23. Upon information and belief, Bell Industries has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patents-in-Suit in this District, the State of Texas, and elsewhere by making, using, offering for sale, and/or selling two-way communication networks and/or data systems that fall within the scope of at least one claim of each of the Patents-in-Suit.

**ANSWER:** Sensus is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 and, therefore, denies these allegations.

24. Upon information and belief, Bell Techlogix has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patents-in-Suit in this District, the State of Texas, and elsewhere by making, using, offering for sale, and/or selling two-way communication networks and/or data systems that fall within the scope of at least one claim of each of the Patents-in-Suit.

**ANSWER:** Sensus is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 and, therefore, denies these allegations.

25. Upon information and belief, Velocita has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patents-in-Suit in this District, the State of Texas, and elsewhere by making, using, offering for sale, and/or selling two-way communication networks and/or data systems that fall within the scope of at least one claim of each of the Patents-in-Suit.

**ANSWER:** Sensus is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 and, therefore, denies these allegations.

26. Upon information and belief, NAWH has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patents-in-Suit in this District, the State of Texas, and elsewhere by making, using, offering for sale, and/or selling two-way communication networks and/or data systems that fall within the scope of at least one claim of each of the Patents-in-Suit.

**ANSWER:** Sensus is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 and, therefore, denies these allegations.

27. Upon information and belief, Spectrum has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patents-in-Suit in this District, the State of Texas, and elsewhere by making, using, offering for sale, and/or selling two-way communication networks and/or data systems that fall within the scope of at least one claim of each of the Patents-in-Suit.

**ANSWER:** Sensus is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 and, therefore, denies these allegations.

28. Upon information and belief, Vehicle Manufacturers has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the Patents-in-Suit in this District, the State of Texas, and elsewhere by making, using, offering for sale, and/or selling two-way communication networks and/or data systems that fall within the scope of at least one claim of each of the Patents-in-Suit.

**ANSWER:** Sensus is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 and, therefore, denies these allegations.

29. EON has no adequate remedy at law against Defendants' acts of infringement and, unless Defendant is enjoined from their infringement of the Patents-in-Suit, will suffer irreparable harm.

**ANSWER:** Sensus denies the allegations of paragraph 29.

30. EON is in compliance with the requirements of 35 U.S.C. §287.

**ANSWER:** Sensus is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 and, therefore, denies these allegations.

31. Defendants, by way of their infringing activities, have caused and continue to cause EON to suffer damages in an amount to be determined at trial.

**ANSWER:** Sensus denies the allegations of paragraph 31.

## RESPONSE TO PLAINTIFF EON'S PRAYER FOR RELIEF

Sensus denies that EON is entitled to any of the relief sought in the prayer or any relief whatsoever.

Further responding to the Complaint, Sensus alleges as follows:

## AFFIRMATIVE DEFENSES

Sensus asserts the following affirmative defenses and reserves the right to amend its answer as additional information becomes available:

## FIRST DEFENSE

32. The Complaint fails to state a claim upon which relief can be granted because Sensus has not performed any act or thing and is not proposing to perform and act or thing in violation of any rights validly belonging to Plaintiff under the patents-in-suit.

## SECOND DEFENSE

33. Sensus does not infringe and has not infringed, either directly, contributorily, or by inducement, any claim of the '101 Patent and the '546 Patent either literally or under the doctrine of equivalents.

## THIRD DEFENSE

34. By reason of prior art and/or statements and representations made to and by the United States Patent and Trademark Office ("the Patent Office") during the prosecution of the applications that led to the issuance of the '101 Patent and /or the '546 Patent, and during reexamination proceedings of the '101 Patent and /or the '546 Patent, EON is estopped from asserting that the claims of the patents-in-suit can be construed as covering any activity of Sensus, either literally or under the doctrine of equivalents.

## FOURTH DEFENSE

35. Each and every claim of the patents-in-suit is invalid and void for failure to comply with the requirements of Title 35, United States Code, including, but not limited to, Sections 102, 103, and 112.

## FIFTH DEFENSE

36. The '101 Patent and the '546 Patent are further unenforceable by reason of unclean hands, estoppel, laches, and waiver, respectively.

## SIXTH DEFENSE

37. Any claim for damages for infringement of the patents-in-suit is limited by 35 U.S.C. § 287 to those damages occurring after notice of infringement.

## COUNTERCLAIMS

Defendant and Counterclaim Plaintiff Sensus USA Inc., formerly known as Sensus Metering Systems Inc., for its counterclaims against Plaintiff and Counterclaim Defendant EON, alleges as follows:

38. Defendant and Counterclaim Plaintiff Sensus USA Inc. is a Delaware corporation, having its principal place of business at 8537 Six Forks Road, Suite 400.

39. Upon information and belief, Plaintiff and Counterclaim Defendant EON is a Texas limited liability company with its registered office located at 110 North College, 500 Plaza Tower, Tyler, Texas 75702.

40. In its Complaint, Plaintiff EON avers that it owns all rights, title and interest in the patents-in-suit.

41. Under 28 U.S.C. §1338(a), this Court has subject matter jurisdiction over these counterclaims for declaratory judgment, brought pursuant to the Federal Declaratory judgment Act, 28 U.S.C. §§ 2201 and 2202. Venue for this counterclaim is proper under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

42. Based on EON's allegations of infringement, the Complaint EON filed against Sensus, and prior litigation by EON involving one or more of the patents-in-suit, a justiciable actual controversy exists between Sensus and the Counterclaim Defendant EON concerning the alleged infringement, validity, and enforceability of the '101 Patent and the '546 Patent.

## FIRST COUNTERCLAIM

**(Declaratory Judgment of Noninfringement)**

43. Sensus realleges and incorporates herein by reference the allegations in paragraphs 32-42 above.

44 Sensus has not infringed and is not infringing (either directly, contributorily, or by inducement) any claim of the patents-in-suit.

45. Because there exists a real and justiciable controversy between the parties regarding infringement of the '101 Patent and the '546 Patent, this Court should make declarations that Sensus does not infringe the '101 Patent and the '546 Patent.

## SECOND COUNTERCLAIM

### (Declaratory Judgment of Invalidity)

46. Sensus realleges and incorporates herein by reference the allegations in paragraphs 32-45 above.

47. The '101 Patent and the '546 Patent are void and invalid for failure to comply with the requirements of Title 35, united States Code, including, but not limited to, Sections 102, 103 and/or 112.

48. Because there exists a real and justiciable controversy between the parties regarding the validity of the '101 Patent and the '546 Patent, this Court should make declarations that the '101 Patent and the '546 Patent are invalid.

## EXCEPTIONAL CASE

49. This case is exceptional under 35 U.S.C. § 285.

## JURY DEMAND

Sensus demands a trial by jury on all issues so triable in this action.

## PRAYER FOR RELIEF

Wherefore, Defendant Sensus prays that this Court:

(a) Adjudge and decree that all of EON's claims are denied;

  (b)  Adjudge and decree that EON's complaint be dismissed with prejudice;

  (c)  Adjudge and decree that Sensus has not infringed U.S. Patent No. 5,388,101;

  (d)  Adjudge and decree that Sensus has not infringed U.S. Patent No. 5,481,546;

  (d)  Adjudge and decree that U.S. Patent No. 5,388,101 is invalid;

  (e)  Adjudge and decree that U.S. Patent No. 5,481,546 is invalid;

  (f)  Award Sensus its costs in this action, declare that this is an exceptional case under 35 U.S.C. § 285, and award Sensus its reasonable attorneys' fees; and

  (f)  Award Sensus such further necessary and proper relief as this Court may deem just and reasonable.

Dated: July 17, 2009                                    Respectfully submitted,


   */s/ Hilda C. Galvan*
Hilda C. Galvan
Lead Attorney
Texas State Bar No. 00787512
Email: hcgalvan@jonesday.com
Keith B. Davis
Texas State Bar No. 24037895
Email: kbdavis@jonesday.com
JONES DAY
2727 North Harwood Street
Dallas, TX  75201-1515
Telephone:  (214) 220-3939
Facsimile:   (214) 969-5100

Krista S. Schwartz
Illinois Bar No. 06238053
Email: ksschwartz@jonesday.com
JONES DAY
77 West Wacker
Chicago, IL  60601-1692
Telephone:   (312) 782-3939
Facsimile:    (312) 782-8585

Attorneys for Defendant
SENSUS USA INC.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing DEFENDANT SENSUS USA INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO FIRST AMENDED COMPLAINT was filed via CM/ECF on July 17, 2009 was served upon the all counsel of record via CM/ECF.

                               */s/ Hilda C. Galvan*

DLI-6260921v1