UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| EON CORP. IP HOLDINGS, L.L.C., | § | Civil Action No. 6:09-cv-116 (LED) |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | **JURY TRIAL REQUESTED** |
| SENSUS METERING SYSTEMS, | § | |
| INC.,   et al., | § | |
| Defendants. | § | |

**DEFENDANT BELL INDUSTRIES, INC.'S
ANSWER AND COUNTERCLAIMS TO FIRST AMENDED COMPLAINT**

Defendant Bell Industries, Inc. ("Bell") responds to the First Amended Complaint for

Patent Infringement and Jury Demand ("Complaint") of Plaintiff EON Corp. IP Holdings, L.L.C.

("EON") as follows:

**PARTIES**

1.      Upon information and belief, EON is a limited liability company organized under

the laws of the State of Texas with its registered office located at 719 W. Front Street, Suite 108,

Tyler, Texas 75702.

2.      Bell lacks knowledge or information sufficient to form a belief as to the truth of

the allegations set forth in Paragraph 2, and, on that basis, denies them.

3.      Bell lacks knowledge or information sufficient to form a belief as to the truth of

the allegations set forth in Paragraph 3, and, on that basis, denies them.

4.      Bell lacks knowledge or information sufficient to form a belief as to the truth of

the allegations set forth in Paragraph 4, and, on that basis, denies them.

5.      Bell lacks knowledge or information sufficient to form a belief as to the truth of

the allegations set forth in Paragraph 5, and, on that basis, denies them.

6.      Answering the allegations of paragraph 6, Bell admits that it is a California corporation with its principal place of business at 8888 Keystone Crossing, Suite 1700, Indianapolis, Indiana 46240-7657 and admits it can be served with process through its registered agent, CT Corporation, but denies each and all of the other allegations set forth in said paragraph 6.

7.      Answering the allegations of paragraph 7, Bell admits that defendant Bell Techlogix, Inc. is a Delaware corporation with its principal place of business at 8888 Keystone Crossing, Suite 1700, Indianapolis, Indiana 46240-7657 and admits it can be served with process through its registered agent, CT Corporation, but denies each and all of the other allegations set forth in said paragraph 7.

8.      Bell lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8, and, on that basis, denies them.

9.      Bell lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9, and, on that basis, denies them.

10.      Bell lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10, and, on that basis, denies them.

11.      Bell lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11, and, on that basis, denies them.

## JURISDICTION AND VENUE

12.      Bell admits that EON purports to bring this action under 35 U.S.C. § 271.  The remaining allegations set forth in Paragraph 12 state a legal conclusion to which no response is required; if such response is required, Bell denies those allegations to the extent they relate to Bell.

13.     Bell admits that EON purports to ground subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).  The remaining allegations set forth in Paragraph 13 state a legal conclusion to which no response is required; if such response is required, Bell denies those allegations to the extent they relate to Bell.

14.     Bell admits that it is subject to personal jurisdiction in this Court and that it has conducted business in the State of Texas.  Bell denies the remaining allegations set forth in paragraph 14 as they relate to Bell.

15.     Bell admits that EON purports to base venue in this District upon 28 U.S.C. §§ 1391 and 1400(b).  Bell denies the remaining allegations in paragraph 15 to the extent they relate to Bell.

## COUNT 1: PATENT INFRINGEMENT

16.     The allegations of paragraph 16 state a legal conclusion to which no response is required; if such response is required, Bell lacks knowledge or belief sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 and on that basis denies them.

17.     The allegations of paragraph 17 state a legal conclusion to which no response is required; if such response is required, Bell lacks knowledge or belief sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 and on that basis denies them.

18.     Bell denies the allegations set forth in Paragraph 18.

19.     Bell lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19, and, on that basis, denies them.

20.     Bell lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20, and, on that basis, denies them.

21.     Bell lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21, and, on that basis, denies them.

22.     Bell lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22, and, on that basis, denies them.

23.     Bell denies the allegations set forth in paragraph 23.

24.     Bell denies the allegations set forth in paragraph 24.

25.     Bell lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25, and, on that basis, denies them.

26.     Bell lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26, and, on that basis, denies them.

27.     Bell lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27, and, on that basis, denies them.

28.     Bell lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28, and, on that basis, denies them.

29.     The allegations of paragraph 29 state a legal conclusion to which no response is required; if such response is required, Bell lacks knowledge or belief sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 and on that basis denies them.

30.     The allegations of paragraph 30 state a legal conclusion to which no response is required; if such response is required, Bell lacks knowledge or belief sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 and on that basis denies them.

31.     Bell denies the allegations of paragraph 31 to the extent they relate to Bell.

## RESPONSE TO PRAYER FOR RELIEF

32.     These paragraphs set forth the statement of relief requested by EON, to which no response is required.  Bell denies that EON is entitled to any of the requested relief and denies any allegations contained therein.

## JURY DEMAND

33.     Bell does not object to, and hereby demands, a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

As further and separate defenses to the Complaint and without assuming any burden it would not otherwise have, Bell alleges, upon information and belief, the following defenses:

## FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

34.     Each and every one of EON's claims for relief and each and every one of its allegations fails to state a claim upon which any relief can be granted against Bell.

## SECOND AFFIRMATIVE DEFENSE
(Non-Infringement)

35.     Bell has not and does not infringe, directly or indirectly, any valid and enforceable claim of U.S. Patent No. 5,338,101 (the "101 Patent"), either literally, under the doctrine of equivalents, or otherwise.

36.     Bell has not and does not infringe, directly or indirectly, any valid and enforceable claim of U.S. Patent No. 5,481,546 (the "546 Patent"), either literally, under the doctrine of equivalents, or otherwise.

## THIRD AFFIRMATIVE DEFENSE
(Invalidity)

37.     The 101 Patent is invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations and laws pertaining thereto.

38.     The 546 Patent is invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations and laws pertaining thereto.

## FOURTH AFFIRMATIVE DEFENSE
(Unenforceability)

39.     The 101 Patent is unenforceable due to the doctrine of estoppels and EON's acts, failure to act, omissions, deceptive intent, and/or inequitable conduct during the prosecution of the 101 Patent application and/or related patent applications.

40.     The 546 Patent is unenforceable due to the doctrine of estoppels and EON's acts, failure to act, omissions, deceptive intent, and/or inequitable conduct during the prosecution of the 101 Patent application and/or related patent applications.

## FIFTH AFFIRMATIVE DEFENSE
(Claims Barred)

41.     EON's claims are barred, in whole or in part, due to prosecution history estoppels and/or prosecution history disclaimer.

## SIXTH AFFIRMATIVE DEFENSE
(Limitations on Damages and Costs)

42.     EON failed to provide adequate notice to Bell of alleged infringement and thus is barred under 35 U.S.C. § 287 from recovering damages prior to the date of the filing of this lawsuit.  EON is precluded from recovering damages from Bell for any alleged infringement

committed more than six years  prior to the filing of this lawsuit under 35 U.S.C. § 286.  EON is

barred by 35 U.S.C. §288 from recovering any costs associated with its action.

## SEVENTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

43.     Based on statements, representations, admissions, and/or other conduct during the

prosecution of the 101 Patent application and/or related patent applications, EON is stopped from

asserting any interpretation of the claims of the 101 Patent that would cover any of the Bell

products or services.

44.     Based on statements, representations, admissions, and/or other conduct during the

prosecution of the 546 Patent application and/or related patent applications, EON is stopped from

asserting any interpretation of the claims of the 546 Patent that would cover any of the Bell

products or services.

## EIGHTH AFFIRMATIVE DEFENSE
### (Equitable Defenses)

45.     EON's claims are barred, in whole or in part, under the principles of equity,

including laches, prosecution laches, waiver, and/or estoppel.

## NINTH AFFIRMATIVE DEFENSE
### (Adequate Remedy at Law)

46.     EON is not entitled to injunctive relief because any alleged injury to EON is not

immediate or irreparable and EON has an adequate remedy at law.

## TENTH AFFIRMATIVE DEFENSE
### (EON Cannot Prove Exceptional Case)

47.     EON cannot prove that this is an exceptional case justifying award of attorney

fees against Bell pursuant to 35 U.S.C. §285.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Government Sales)

48.     To the extent that certain products and/or services accused of infringing the 101 Patent and/or the 546 Patent are used by and/or manufactured for the United States Government, EON's claims against Bell with respect to such products and/or services are bared, in whole or in part, under 28 U.S.C. §1498.

## TWELFTH AFFIRMATIVE DEFENSE
### (Dedication to the Public)

49.     EON's claims are barred, in whole or in part, because embodiments not literally claimed in the 101 Patent and/or the 546 Patent were dedicated to the public.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Reservation of Additional Defenses)

50.     Bell reserves all defenses under Rule 8 of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defenses at law or equity that may exist now or that may be available in the future.

## COUNTERCLAIMS

Without waiver of any of its rights, including the right to seek dismissal and/or transfer of this action, Bell, by and through its undersigned counsel, and by way of Counterclaims against EON alleges:

## PARTIES

1.     Defendant Bell Industries, Inc. ("Bell Industries") is a California corporation with its principal place of business at 8888 Keystone Crossing, Suite 1700, Indianapolis, Indiana 46240-7657.

2.     Upon information and belief, EON is a limited liability company organized under the laws of the State of Texas with its registered office located at 719 W. Front Street, Suite 108, Tyler, Texas 75702.

## JURISDICTION AND VENUE

3.     These counterclaims arise under the United States patent laws, 35 U.S.C. § 1, *et seq.*, and seek relief for which this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

4.     Venue is proper in this District pursuant to 28 U.S.C. § 1391.

5.     EON has sued Bell Industries for patent infringement of the '101 Patent and the '546 Patent. Bell Industries denies infringement and denies that these patents are valid or enforceable. There is therefore a substantial, actual, and continuing controversy between EON and Bell Industries as to the validity, enforceability, and infringement of the '101 Patent and the '546 Patent.

6.     EON has consented to personal jurisdiction in this District by commencing its action for patent infringement against Bell Industries therein.

## FIRST COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement)

7.     Bell Industries repeats and realleges each allegation set forth in paragraphs 1 through 6 as though fully set forth herein.

8.     Bell Industries has not infringed and does not infringe any valid and enforceable claim of the 101 Patent, either directly or indirectly, literally, under the doctrine of equivalents, or otherwise.

9.      Bell Industries has not contributorily infringed or induced to infringe, and does not contributorily infringe or induce to infringe, any valid and enforceable claim of the 101 Patent.

10.      A judicial declaration that Bell Industries does not infringe the 101 Patent is necessary and appropriate at this time so that Bell Industries can ascertain its rights and duties with respect to the products that EON accuses of infringing the 101 Patent.

11.      Bell Industries has not infringed and does not infringe any valid and enforceable claim of the 546 Patent, either directly or indirectly, literally, under the doctrine of equivalents, or otherwise.

12.      Bell Industries has not contributorily infringed or induced to infringe, and does not contributorily infringe or induce to infringe, any valid and enforceable claim of the 546 Patent.

13.      A judicial declaration that Bell Industries does not infringe the 546 Patent is necessary and appropriate at this time so that Bell Industries can ascertain its rights and duties with respect to the products that EON accuses of infringing the 546 Patent.

## SECOND COUNTERCLAIM
### (Declaratory Judgment of Invalidity)

14.      Bell Industries repeats and realleges each and every allegation of paragraphs 1 through 13 as though fully set forth herein.

15.      The 101 Patent is invalid under the provisions of 35 U.S.C. §101, *et seq.,* including without limitation §§ 102, 103, and 112.

16.      A judicial declaration that the 101 Patent is invalid because it fails to satisfy the conditions for patentability specified in Title 35 of the United States Code is necessary and

appropriate at this time so that Bell Industries can ascertain its rights and duties with respect to the products that EON accuses of infringing the 101 Patent.

17.     The 546 Patent is invalid under the provisions of 35 U.S.C. §101, *et seq.,* including without limitation §§ 102, 103, and 112.

18.     A judicial declaration that the 546 Patent is invalid because it fails to satisfy the conditions for patentability specified in Title 35 of the United States Code is necessary and appropriate at this time so that Bell Industries can ascertain its rights and duties with respect to the products that EON accuses of infringing the 546 Patent.

## RESERVATION OF ADDITIONAL COUNTERCLAIMS

As discovery in this case has not yet commenced, and as Bell Industries continues to investigate the allegations set forth in EON's First Amended Complaint, Bell Industries specifically gives notice that it intends to rely upon additional counterclaims as may become available by law, statute, or upon further discovery proceeding in this case. As such, Bell Industries hereby reserves the right to further amend its Answer and to assert such additional counterclaims as allowed by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Eastern District of Texas.

## PRAYER FOR RELIEF

Bell Industries respectfully prays for the following relief:

A.     That EON take nothing by its complaint.

B.     That the Court dismiss each and every claim in EON's Complaint with prejudice.

C.     That the Court find and enter a judgment declaring that no claim of the '101 Patent is infringed or has been infringed by Bell Industries;

D.     That the Court find and enter a judgment declaring the '101 Patent to be invalid;

E.      That the Court find and enter a judgment declaring that no claim of the '546

Patent is infringed or has been infringed by Bell Industries;

F.      That the Court find and enter a judgment declaring the '546 Patent to be invalid;

G.      That the Court award costs to Bell Industries in accordance with 35 U.S.C. § 284;

H.      That the Court declare Bell Industries' case to be exceptional and award Bell

Industries its attorneys' fees and expenses against EON under 35 U.S.C. § 285;

I.      That the Court deny that EON's case is exceptional; and

J.      That the Court award Bell Industries any other relief the Court may deem just,

equitable, and proper.

Respectfully submitted,

/s/ *Robert Christopher Bunt*
Robert Christopher Bunt
State Bar No. 00787165
Charles Ainsworth
State Bar No. 00783521
PARKER, BUNT & AINSWORTH, P.C.
100 E. Ferguson, Suite 1114
Tyler, TX  75702
Telephone:  903/531-3535
Facsimile: 903/533-9687
E-mail: rcbunt@pbatyler.com
E-mail: charley@pbatyler.com

COUNSEL FOR DEFENDANT AND
COUNTERCLAIMANT BELL
INDUSTRIES

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 31st day of August, 2009. Any other counsel of record will be served via first class U.S. mail.

/s/ *Robert Christopher Bunt*
ROBERT CHRISTOPHER BUNT