# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| EON CORP. IP HOLDINGS, LLC,<br><br>　　　　Plaintiff,<br><br>v.<br><br>SENSUS METERING SYSTEMS, INC., et al.,<br><br>　　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 6:09-cv-116 (LED)<br><br>JURY TRIAL REQUESTED |

**PLAINTIFF'S DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS**

In accordance with the Court's September 11, 2009 Order (Dkt. No. 50) and P.R. 3-1 and 3-2, Plaintiff EON Corp. IP Holdings, LLC ("EON") provides the following Disclosure of Asserted Claims and Infringement Contentions relative to Sensus Metering Systems, Inc. and Bell Industries, Inc. (collectively, "Defendants"). This disclosure is made solely for the purpose of this action.

Discovery in this matter is ongoing. Defendants have not yet produced any documents and things, or provided any deposition testimony or other discovery in this action. EON's investigation regarding these and other potential grounds of infringement is ongoing. This patent rule disclosure is therefore based upon information that EON has been able to obtain publicly, together with EON's current good faith beliefs regarding the Accused Instrumentalities, and is given without prejudice to EON's right to obtain leave to supplement or amend its disclosure as additional facts are ascertained, analyses is made, research is completed and claims are construed. EON anticipates amending these disclosures upon review of Defendants' Patent Rule 3-4(a) production, which contains documentation that is not publicly available concerning

Defendants' making and/or use of infringing digital communications systems and components.

These disclosures are based at least in part upon EON's present understanding of the meaning and scope of the claims of U.S. Patent Nos. 5,388,101 (the "'101 patent") and 5,481,546 (the "'546 patent") in the absence of claim construction proceedings or discovery. EON reserves the right to seek leave to supplement or amend these disclosures if its understanding of the claims changes, including if the Court construes them.

**Patent Rule 3-1(a)**

1.  <u>Defendant Bell Industries, Inc.</u>

Based on the information presently available, EON states that Defendant Bell (and any of its predecessors in interest) literally infringed claims 1-3, 8-9, and 12-20 of the '101 patent. EON further states that Defendant Bell (and any of its predecessors in interest) infringed claims 4-7, 10 and 11 of the '101 patent under the doctrine of equivalents.

Based on the information presently available, EON states that Defendant Bell (and any of its predecessors in interest) literally infringed claims 1-3 and 5-14 of the '546 patent. EON further states that Defendant Bell (and any of its predecessors in interest) infringed claim 4 of the '546 patent under the doctrine of equivalents.

2.  <u>Defendant Sensus Metering Systems, Inc.</u>

Based on the information presently available, EON states that Defendant Sensus (and any of its predecessors in interest) literally infringes claims 1-3, 8, 9, 12, 14 and 16-18 of the '101 patent. EON further states that Defendant Bell (and any of its predecessors in interest) infringes claims 4-6 and 10 of the '101 patent under the doctrine of equivalents.

Based on the information presently available, EON states that Defendant Sensus (and any of its predecessors in interest) literally infringes claims 1-3 and 5-14 of the '546 patent.

**Patent Rule 3-1(b)**

See Exhibits A-D. Additionally, based upon the information presently available, EON states as follows:

1.  <u>Sensus Metering Systems, Inc.</u>: From at least January 2005 through the present, Sensus operated one or more networks under the name "FLEXNET," and sold services and equipment that used such networks including subscriber unit models FlexNet Gas SmartPoint for Commercial/Industrial Meters, FlexNet Remote Mount Gas SmartPoint Transmitter, FlexNet Residential Gas SmartPoint Transmitter, AR5500 Handheld Device/Programmer, FlexNet Network Portal, Regional Network Interface, Tower Gateway Base Station, Model 510X FlexNet SmartPoint Transmitter, Model 520X FlexNet SmartPoint Transmitter and iCon Residential Meters, so as to make or use and to provide to purchasers claimed inventions of the '101 Patent and the '546 Patent.

2.  <u>Bell Industries, Inc.</u> From at least November of 2006 through June of 2008, Bell acquired and operated certain assets from Skytel Corp., including one or more networks based on the ReFlex protocol and sold services and equipment that used such networks including subscriber unit models Glenayre @ctiveLink, Glenayre AccessLink, Glenayre AccessLink II, Motorola PageWriter 2000, Motorola PageWriter 2000X, Motorola Talkabout T900, Motorola TimePort P935, PerComm e80, ATCOM AT 100, HuneTec H200, SunTelecom ST900, and Unication M90, so as to make or use and to provide to purchasers each of the claimed inventions of the '101 Patent and the '546 Patent.

**Patent Rule 3-1(c)**

Based on the information presently available, EON provides the charts produced simultaneously herewith as Exhibits A-D. Such charts contain representative examples of

infringement by the Accused Instrumentalities.

EON contends that the asserted claims are directly infringed by at least the sale, making and using of the Accused Instrumentalities. Additionally, or in the alternative if Defendants are deemed not to directly infringe the asserted claims, then EON contends the Defendants indirectly infringe such claims. Without limitation, EON contends that Defendants indirectly infringe the asserted claims by actively and knowingly inducing, aiding and abetting others -- including without limitation any contractors who host the Accused Instrumentalities on behalf of Defendants, and the end users of the Accused Instrumentalities, such as customers (including potential customers), vendors, contractors, and employees that use the Accused Instrumentalities — to directly infringe the asserted claims of the '101 and '546 patents once the Defendants knew of the '101 and '546 patents. Additionally, or in the alternative, EON contends on information and belief that Defendants indirectly infringe the asserted claims by contributing to the infringement by others, including without limitation by end users of the Accused Instrumentalities, such as customers (including potential customers), vendors, contractors, and employees that use the Accused Instrumentalities, because the combination for which their components were especially made was both patented and infringing and such components have no substantial non-infringing uses. Additionally, or in the alternative, if Defendants are deemed not to directly infringe the asserted claims, then EON contends that Defendants jointly infringe such claims, including without limitation with contractors who use the Accused Instrumentalities on behalf of Defendants and/or the end users of the Accused Instrumentalities, such as customers (including third party resellers) and/or subscribers that use the Accused Instrumentalities, under Defendants' direction and/or control.

**Patent Rule 3-1(d)**

*See* Exhibits A-D. Based on the information presently available, EON states that Bell's Accused Instrumentalities literally infringe claims 1-3, 8-9, and 12-20 of the '101 patent, and claims 1-3 and 5-14 of the '546 patent. Each limitation that is literally present may also be present under the doctrine of equivalents. EON further states that the Accused Instrumentalities infringe claims 4-7, 10, and 11 of the '101 patent, and claim 4 of the '546 patent, under the doctrine of equivalents.

Based on the information presently available, EON states that Sensus' Accused Instrumentalities literally infringe claims 1-3, 8-9, 12, 14 and 16-18 of the '101 patent, and claims 1-3 and 5-14 of the '546 patent. Each limitation that is literally present may also be present under the doctrine of equivalents. EON further states that the Accused Instrumentalities infringe claims 4-6 and 10 of the '101 patent under the doctrine of equivalents.

**Patent Rule 3-1(e)**

The asserted claims of the '101 patent do not claim priority to other applications. The '546 patent claims priority to and is a continuation of U.S. Patent application no. 07/966,414, now issued U.S. Patent no. 5,388,101, and is therefore entitled to the priority date of the '101 patent, October 26, 1992.

**Patent Rule 3-1(f)**

EON does not presently contend that any of its own apparatus, products, devices, processes, methods acts or other instrumentalities practice the claimed inventions.

**Patent Rule 3-2**

EON identifies the following documents, which may correspond to P.R. 3-2 categories (a), (b), and (c).

**Patent Rule 3-2(a)**

EON states that it is not aware of any documents that may be seen as relating to discussions with, disclosures to, or other manner of providing to a third party, or sale of or offer to sell, the claimed inventions of either the '101 or '546 patents prior to the application dates.

**Patent Rule 3-2(b)**

In addition to the file histories for the '101 and '546 patents (see below), EON refers the Defendants to documents produced herewith and labeled as EON002368 through EON002486 and EON002529 through EON002690.

**Patent Rule 3-2(c):**

The file history for the '101 and '546 patents are produced herewith and labeled as EON-SENS000094 through EON-SENS023101.

Dated: October 9, 2009.    Respectfully submitted,

/s/ A.M. (Russ) Meyer, Jr.
A.M. (Russ) Meyer, Jr.
Texas State Bar No. 13998700
John M. Jackson
Texas State Bar No. 24002340
JACKSON WALKER L.L.P.
901 Main Street, Suite 6000
Dallas, Texas 75202
[Tel.]: (214) 953-6000
[Fax]: (214) 953-5822
email: rmeyer@jw.com

Daniel Scardino
Texas State Bar No. 24033165
Christopher S. Johns
Texas State Bar No. 24044849
JACKSON WALKER L.L.P.
100 Congress Avenue, Suite 1100
Austin, Texas 78701
[Tel.]: (512) 236-2000
[Fax]: (512) 236-2002
email: dscardino@jw.com

Deron R. Dacus
Texas State Bar No. 00790553
RAMEY & FLOCK, P.C.
100 E. Ferguson, Suite 500
Tyler, Texas 75702
[Tel.]: (903) 510-5226
[Fax]: (903) 597-2413
Email: derond@rameyflock.com

**ATTORNEYS FOR PLAINTIFF**
**EON CORP. IP HOLDINGS, LLC**

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document has been forwarded to the following individuals by certified mail and electronic mail on this the 9th day of October, 2009 addressed as follows:

Hilda Contreras Galvan
Keith Bryan Davis
Jones Day
2727 North Harwood Street
Dallas, Texas 75201
Email: hcgalvan@jonesday.com
Email: kbdavis@jonesday.com

Krista Sue Schwartz
Jones Day
77 West Wacker Drive, Suite 3500
Chicago, Illinois 60601
Email: ksschwartz@jonesday.com

Robert Christopher Bunt
Charles Ainsworth
Parker, Bunt & Ainsworth, P.C.
100 East Ferguson, Suite 1114
Tyler, Texas 75702
Email: rcbunt@pbatyler.com
Email: charley@pbatyler.com

Casey L. Griffith
Carstens & Cahoon, LLP
13760 Noel Road, Suite 900
Dallas, Texas 75240
Email: griffith@cclaw.com

                                        /s/ John M. Jackson
                                        John M. Jackson