UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| EON CORP. IP HOLDINGS, LLC,<br><br>    Plaintiff,<br>v.<br><br>SENSUS USA, INC, et al<br>    Defendants. | §<br>§<br>§ Civil Action No. 6:09-cv-116<br>§<br>§<br>§ JURY TRIAL REQUESTED<br>§<br>§<br>§<br>§ |

**PLAINTIFF'S RESPONSE TO SENSUS USA INC.'S MOTION TO COMPEL TESTIMONY**

Plaintiff EON Corp. IP Holdings, LLC ("EON") files this Response to Sensus USA Inc.'s ("Sensus") Motion to Compel Testimony Under Federal Rule of Civil Procedure 30(b)(6); Alternatively, Sensus USA Inc's Motion to Strike Eon's Infringement Contentions (the "Motion") (Dkt. No. 88). In support hereof, EON would respectfully show the Court as follows:

**I.   INTRODUCTION**

In the Motion, Sensus mischaracterizes EON's Infringement Contentions, misrepresents its own documents and products, and improperly seeks to engage in discovery relating to claim construction in violation of this Court's Local Patent Rules, all without so much as even attempting to comply with its obligation to meet and confer prior to filing its Motion. Because EON's Infringement Contentions more than satisfy the requirements of Local Patent Rule 3-1, and because conducting a Rule 30(b)(6) deposition to address any claimed deficiencies in those contentions would be contrary to the Federal Rules of Civil Procedure and this Court's Local Patent Rules and jurisprudence on the issue, this Court should deny the Motion.

## II. BACKGROUND

Sensus' Motion and its co-pending Motion for Protective Order (Docket No. 90) come after a long history of EON's attempts to resolve Sensus' concerns regarding EON's 3-1(c) contentions. As the history itself reveals, Sensus has been unwilling to reasonably cooperate with EON to resolve these issues, and its unwillingness has ultimately led to the filing of these motions without appropriate conference.

Following Sensus' service of a 30(b)(6) deposition notice upon EON, EON requested a conference as to the date and substance of that notice. That conference was held on October 28, 2009. *See* Letter of November 5, 2009, attached hereto as Meyer Decl. "Exhibit A." Unable to resolve its concerns with the appropriateness of the notice in the conference, EON denoted its concerns in writing to Sensus on November 5, 2009. *Id.* As is apparent from EON's letter, Sensus' deposition notice was a thinly-veiled attempt to test the sufficiency of EON's 3-1(c) contentions. *Id.* EON further proposed a compromise to Sensus whereby EON would provide Sensus with continuously more detailed contentions as it reviewed Sensus' technical documents. *Id.* Sensus refused to compromise. *See* Letter of November 11, 2009, attached hereto as Meyer Decl. "Exhibit B." EON also requested that Sensus prepare written objections to EON's 3-1(c) contentions so that it could attempt to address them individually. *Id.* Furthermore, in a show of good-faith, EON granted Sensus a week-long extension to Sensus' interrogatory response deadline. *Id.*

On November 16, 2009, EON again requested a meet-and-confer regarding Sensus' improper 30(b)(6) deposition notice. *See* Letter of November 24, 2009 attached hereto as Meyer Decl. "Exhibit C." During that conference, EON raised, in addition to 30(b)(6) or 3-1(c) issues, concerns regarding EON's good-faith under Rule 11. *Id.* Curiously, Sensus then sent an email

proposing that EON extend Sensus' deadline for responding to interrogatories until after EON had responded to its, yet unwritten or detailed, concerns over EON's 3-1(c) contentions. *See* Email of November 23, 2009, attached hereto as Meyer Decl. "Exhibit D." Troubled by Sensus' serious allegations of Rule 11 violations, EON fully and thoroughly responded to all issues raised during the November 16th conference and again requested a full written account of Sensus' concerns. Exhibit C. EON also requested any conclusive evidence that would support Sensus' position that EON's allegations had no factual basis. *Id.* In response, Sensus produced three documents regarding its accused gas and water meters. *See* Email of November 30, 2009, attached hereto as Meyer Decl. "Exhibit E." After a thorough review of those documents, EON concluded not only that they did not support Sensus' position, but as explained further herein, bolstered EON's arguments. *See* Letter of December 2, 2009, attached hereto as Meyer Decl. "Exhibit F." Shortly after EON's letter was sent to Sensus informing it of EON's conclusions, and without further conference, Sensus' current motions were filed. *See id.*

## II.     ARGUMENT AND AUTHORITIES

In the Motion, Sensus contends that EON's Infringement Contentions are deficient in at least the following ways:

- "First, EON identifies accused instrumentalities under P.R. 3-1(b) but nowhere mentions many of them in its P.R. 3-1(c) charts and never identifies any specific features as relevant to EON's infringement theories;" (Motion, pgs. 4-5)

- "Second, the EON ICs quote, yet ignore, express statements in Sensus documents about features of the accused Sensus products that directly refute EON's infringement allegations;" (*Id.*, pgs. 5-6)

- "Third, EON's ICs fail to identify which Sensus product(s) and parts of those products allegedly meet each asserted claim limitation." (*Id.*, pgs. 6-9)

- And "[f]ourth, EON's ICs are deficient in a couple of general ways[,]" including "string cites" to Sensus documents without identifying "which portions of those documents have any bearing on [EON's] infringement theories" and failing to

identify how cited portions of Sensus patents "are practiced in the accused products." (*Id*., pg. 10)

According to Sensus, "these deficiencies prevent [it] from understanding EON's theories of infringement and fail to provide Sensus with adequate notice and information with which to prepare and litigate its case. (*Id.*, pg. 10) As a result of these alleged deficiencies, Sensus complains to the Court that it should strike the Infringement Contentions or, in the alternative, compel EON to produce a 30(b)(6) representative to provide further detail regarding the contentions. (*Id*., pg. 2)

As explained in detail below, the relief that Sensus requests is inappropriate and unnecessary here. First, EON's Infringement Contentions satisfy the requirements of this Court's Local Patent Rules. Moreover, prior to filing the Motion, Sensus never presented to EON in writing the deficiencies it alleges to the Court, despite EON's numerous requests. Had it done so, EON would have addressed many of Sensus' concerns, as it has done in response to the Motion. While EON's original Infringement Contentions were more than sufficient under this Court's rules, EON's recently amended contentions most certainly give the required notice. And finally, even if EON's Infringement Contentions were deficient, directing EON to produce a 30(b)(6) witness on the matter would be neither appropriate under the Federal Rules of Civil Procedure or this Court's Local Patent Rules, nor would it be the most efficient way to address Sensus' concerns, in the unlikely event this Court finds they are justified. As a result, EON respectfully requests that the Court deny the Motion in its entirety.

### A.   EON's Infringement Contentions Satisfy the Requirements of Local Patent Rule 3.1.

This Court's Local Patent Rule 3-1 requires that Infringement Contentions set forth "particular theories of infringement with sufficient specificity to provide defendants with notice of infringement beyond that which is provided by the mere language of the patent [claims]

themselves," utilizing all publicly available information. *Orion IP, LLC v. Staples, Inc.*, 407 F.Supp.2d 815, 817 (E.D. Tex. 2006) (Davis, J.) (citing *STMicroelectronics, Inc. v. Motorola, Inc.*, 308 F.Supp.2d 754, 755 (E.D. Tex. 2004) (Davis, J.). Infringement contentions must contain a list of the claims of each patent asserted to be infringed, the accused products identified by name or model number, if known, and the methods or processes which, when used, result in the practice of the claimed methods or processes. P.R. 3-1(a)-(b). Additionally, infringement contentions must contain charts identifying specifically where the elements of each asserted claim can be found within each accused instrumentality. P.R. 3-1(c). Courts in this district, though, have noted that where a defendant has sole possession of the information a plaintiff needs in order to comply with Rule 3-1 (as is the case here), the plaintiff may not always be able to make a highly specific infringement contention until it has had a chance, through discovery, to examine the information. *American Video Graphics, L.P. v. Electronic Arts, Inc.*, 359 F.Supp.2d 558, 560 (E.D. Tex. 2005) (Davis, J.).

Here, Sensus argues that EON's Infringement Contentions do not satisfy the requirements of P.R. 3-1 for four reasons. Sensus first argues that EON's P.R. 3-1(c) claim charts contain disclosure as to only five of eleven Accused Instrumentalities. Sensus is wrong. The allegedly "missing" Accused Instrumentalities are all described, and many, such as the SmartPoint family of meters, each have functionality that is substantially identical such that adding the requested materials will result in much repetition, something that Sensus also complains about. However, EON did offer at the meet and confer regarding EON's objections to Sensus' 30(b)(6) deposition notice to respond to concerns that were articulated in writing and then to meet and confer if the response was still unsatisfactory. (Ex. H of Sensus' Motion at 3). While the filing of the present motion by Sensus indicates that Sensus did not consider the response to be satisfactory, it did not

meet and confer with EON regarding the alleged remaining deficiencies, and instead chose to file this motion. As a result, Sensus failed to meet its obligations under Local Rule 7(h).

In further response to Sensus' concerns, EON submits herewith amended P.R. 3-1(c) charts that address the alleged "deficiency" of the "missing" Accused Instrumentalities. These are specifically identified under a heading that is underlined and in bold so that there can be no mistake that these Accused Instrumentalities are now specifically mentioned in the P.R. 3-1(c) charts. However, other than the inclusion of two documents recently produced by Sensus that are discussed in further detail below, the substantive material added in these new sections is merely a repetition of material that was already in the charts regarding the SmartPoint family of meters and the other allegedly "missing" Accused Instrumentalities. Presumably, Sensus will not complain about the additional "repetitive" material that has been added to the P.R. 3-1(c) charts in response to its complaints.

The second point raised by Sensus in the Motion is that the accused gas and water meters are allegedly "only one-way devices." Again, Sensus is wrong. Two documents produced by Sensus, "Sensus FlexNet Gas Transmitter Specification" (Sensus_000145-202) and "Sensus FlexNet Water Transmitter Specification" (Sensus_000203-257), confirm what is stated elsewhere in the charted materials, namely, that the accused gas and water meters do, in fact, have two-way functionality. First, these documents describe how the AR550 Handheld Device/Programmer can be used to program each meter after it is installed, and that as part of that programming, messages are received by the AR550 Handheld Device/Programmer from the FlexNet network confirming that the meter has been properly programmed. This programming is essential to the proper operation of the gas and water meters, and requires more than "only one-way" communication. Second, these documents describe how the nominally one-way gas

and water meters are part of the FlexNet network and are actually wireless extensions of two-way mPass Buddy Mode devices. Again, to ensure that there is no further confusion on this point by Sensus, this has been explicitly noted in the amended portions of the P.R. 3-1(c) charts, even though that material is a repetition of what was previously provided from other Sensus documents.

The third point raised by Sensus is actually a number of points addressing various substantive issues that go beyond the requirements of P.R. 3-1(c), and Sensus improperly attempts to use the charts as a forum for litigation of those substantive issues. First, Sensus asserts that EON "cuts and pastes from Sensus documents over and over again without any indication as to which Sensus products and parts of those products allegedly meet which claim elements." It is difficult to understand how it would be possible to comply with P.R. 3-1(c), which requires a chart that identifies specifically where each element of each asserted claim is found within each Accused Instrumentality, without providing materials from Sensus documents that describe the Accused Instrumentality. Furthermore, to the extent that Sensus objects that terms such as "network hub switching center," "base station," "reception stations," "central switching station," "satellite station," "receive only terminal," "local remote receiver" and "local base station repeater cell means" are not charted as claim elements, that is because these terms are not claim elements, but rather terms used within claim elements. To the extent Sensus intends by its claims of infringement contention deficiencies to discover information regarding EON's position on claim construction, such efforts are specifically prohibited by this Court's Local Patent Rule 2-5.

The second part of the third point raised by Sensus is that EON has allegedly failed to provide a factual basis for alleging that any accused Sensus products contain or meet certain

"elements," namely 1) portable or mobile, 2) milliwatt or low power, and 3) interactive video network. Again, contrary to the assertion by Sensus, these are not claim elements but rather claim terms, and Sensus' arguments regarding the construction of these terms are premature. Addressing the arguments raised by Sensus would require litigation of substantive issues, such as the meaning of claim terms and whether an accused device infringes a claim. EON is not required by any federal or local rule to engage in this kind of diligence at this point in the litigation.

In regards to the fourth point raised by Sensus, Sensus could readily identify which details from the patents are not present in the Accused Instrumentalities, but does not do so. A review of the product specifications and the system descriptions in the patents reveals a very close correspondence, making it unlikely that substantive differences exist. Sensus does not even attempt to identify any discrepancies between the various FlexNet system components and the system described in the patents, an analysis that would be easy to perform if any such differences existed. As a result of the foregoing, EON has met its obligations under P.R. 3-1. In addition, prior to filing the herein Motion, Sensus did not even so much as attempt to identify in any writing to EON the alleged deficiencies it complains of in its Motion. Had it done so, it is very likely that the parties could have resolved the bulk of their disputes, and EON would have been willing to address many of Sensus' concerns without the need for intervention by this Court.

Finally, in the unlikely event that the Court deems EON's infringement contentions deficient in any of the ways Sensus complains of, EON would ask the Court to grant it leave to amend its contentions. Although Sensus argues that EON could have inspected Sensus' water and gas meters, the key to Sensus' infringement is its FlexNet network, which Sensus alone has

access to and which is not available for public inspection. Once EON has an opportunity to discover the information about that network that, to this point, has been in Sensus' exclusive possession, it will be in a better position to amend its Infringement Contentions to provide additional detail, if necessary.

### B.   A Rule 30(b)(6) Deposition Is Not Proper.

Since EON's Infringement Contentions more than comply with the requirements of P.R. 3-1, Sensus clearly has no need to depose a Rule 30(b)(6) witness to clarify those contentions at this stage in the litigation. But even if the Infringement Contentions were deficient, ordering EON to produce a corporate representative to clarify those contentions would be inappropriate under the Federal Rules and, in any event, would not be the most efficient way to correct those alleged deficiencies.

Rule 702 permits experts to give testimony relating to "scientific, technical, or other specialized knowledge" if such testimony "will assist the trier of fact to understand the evidence or to determine a fact in issue." FED. R. CIV. P. 702. By contrast, Rule 701 limits the areas of opinion testimony of a lay witness to those that are "(a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) *not* based on scientific, technical, or other specialized knowledge within the scope of Rule 702." FED. R. CIV. P. 701 (emphasis added). In the Motion, Sensus claims that the Rule 30(b)(6) deposition it noticed would not call for expert testimony. (Motion, pg. 11) This claim is, at best, disingenuous. Each of the areas of inquiry identified in the deposition notice, in addition to the alleged deficiencies Sensus identifies in its Motion, would clearly require "scientific, technical, or other specialized knowledge," since they would necessarily involve comparing particular components of the Sensus FlexNet system and the Accused Instrumentalities to particular limitations in a highly technical patent. As a result, only one with

**PLAINTIFF'S RESPONSE TO MOTION TO COMPEL TESTIMONY – PAGE** 9

the requisite skill, knowledge, education, and expertise could be designated to give testimony on the areas of inquiry identified in the Sensus deposition notice.

But this kind of expert testimony from a Rule 30(b)(6) witness is undiscoverable. EON has not yet designated (nor is it yet required to designate) any testifying experts in this matter, and any expert EON were to designate in response to the Sensus deposition notice with the requisite technical expertise to opine concerning complex infringement matters beyond the information contained in the Infringement Contentions would necessarily be a retained non-testifying expert. And, as this Court has made abundantly clear, it is improper to use Rule 30(b)(6) as a vehicle to determine the opinions of consulting experts. *Sensormatic Elec. Corp. v. WG Security Prods., Inc.*, No. 2:04-CV-167, 2006 WL 1305166 at *2 (E.D. Tex. May 11, 2006) (Ward, J.); *see also, Mattel, Inc. v. Walking Mountain Productions*, 353 F.3d 792, 814 (9th Cir. 2003) (addressing the impropriety of seeking expert testimony through Rule 30(b)(6)). Moreover, Rule 26(b)(4)(B) clearly prohibits this kind of expert discovery in the absence of "exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means." FED. R. CIV. P. 26(b)(4)(B). Sensus identifies no such "exceptional circumstances" in its Motion. Finally, it seems clear from the deposition notice that, through the expert deposition, Sensus is merely attempting to discover information relating to EON's claim construction position in violation of Local Patent Rule 2-5.

But even if this type of expert discovery were permissible under the Federal Rules or this Court's Local Patent Rules or jurisprudence, conducting a Rule 30(b)(6) deposition in order to address alleged deficiencies in EON's Infringement Contentions would likely be the least efficient way to obtain additional information regarding those contentions. Indeed, the most efficient and appropriate method for addressing the deficiencies that Sensus alleges would have

**PLAINTIFF'S RESPONSE TO MOTION TO COMPEL TESTIMONY – PAGE 10**

been for it to identify those deficiencies in writing, as EON suggested it do on numerous occasions, and allow EON to amend its contentions, as appropriate, instead of first bringing the matter to this Court for resolution. Had Sensus engaged in this process and had it complied with its L.R. 7(h) obligations, the parties may have been able to resolve many of their differences without this Court's involvement.

### III.  CONCLUSION

Plaintiff Eon Corp. IP Holdings, LLC, respectfully requests that the Court deny Defendant Sensus USA Inc.'s Motion to Compel Testimony Under Federal Rule of Civil Procedure 30(b)(6); Alternatively, Sensus USA Inc.'s Motion to Strike EON's Infringement Contentions.

DATED: December 17, 2009.

Respectfully submitted,

JACKSON WALKER LLP


/s/ *A.M. (Russ) Meyer, Jr.*
A.M. (Russ) Meyer, Jr. – Lead Counsel
Texas State Bar No. 13998700
John M. Jackson
Texas State Bar No. 24002340
Jeffrey P. Kitner
Texas State Bar No. 24032512
JACKSON WALKER, LLP
901 Main Street, Suite 6000
Dallas, TX 75202
[Tel.] (214) 953-6134
[Fax]: (214) 953-6613
email: rmeyer@jw.com

Daniel Scardino
Texas State Bar No. 24033165
JACKSON WALKER, LLP
100 Congress Avenue, Suite 1100
Austin, Texas 78701
[Tel.] (512) 236-2000
[Fax] (512) 236-2002
email: dscardino@jw.com

Deron R. Dacus
Texas State Bar No. 00790553
Ramey & Flock, P.C.
100 E. Ferguson, Suite 500
Tyler, Texas 75702
[Tel.] (903) 597-3301
[Fax] (903) 597-2413
email: derond@rameyflock.com

**ATTORNEYS FOR PLAINTIFF
EON CORP. IP HOLDINGS, LLC**

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document by the Court's CM/ECF system in accordance with Local Rule CV-5(a)(3) on this 17th day of December, 2009. Any other counsel of record will be served by facsimile transmission.

                                                       /s/ A.M (Russ) Meyer, Jr.