UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| EON CORP. IP HOLDINGS, LLC, | § § § | |
| Plaintiff, | § § | Civil Action No. 6:09-cv-116 |
| v. | § § | JURY TRIAL REQUESTED |
| SENSUS USA, INC., et al., | § § | |
| Defendants. | § § | |

## DECLARATION OF A.M. (RUSS) MEYER, JR.

ON THIS DAY personally appeared A. M. (Russ) Meyer, Jr. who, upon his declaration, stated as follows:

My name is A. M. (Russ) Meyer, Jr. I am over eighteen years of age, of sound mind, capable of making this affidavit, competent to testify to the matters stated herein, and have personal knowledge of the facts stated in this declaration. I am an attorney at the law firm of Jackson Walker L.L.P. ("Jackson Walker"). I am duly licensed to practice law in the State of Texas and in the Eastern District of Texas and have continuously practiced law in the State of Texas since 1974.

I am one of the attorneys for the Plaintiff in this action, EON Corp. IP Holdings, LLC.

Attached hereto as Exhibits A-F are emails and correspondence between Jackson Walker and counsel for Sensus USA, Inc., each of which are within my personal knowledge and are true and correct copies of same.

I declare under penalty of perjury that the foregoing is true and correct. Executed on December _17_, 2009.


_____
A.M. (RUSS) MEYER, J.R.


**DECLARATION OF A.M. (RUSS) MEYER, JR.– SOLO PAGE**

EXHIBIT "A"

# JW

## JACKSON WALKER L.L.P.

### ATTORNEYS & COUNSELORS

Russ Meyer
(214) 953-6134 (Direct Dial)
214-661-6613 (Direct Fax)
rmeyer@jw.com

November 4, 2009

Keith Bryan Davis
Jones Day - Dallas
2727 North Harwood Street
Dallas , TX 75201
Email: kbdavis@jonesday.com

Re:    EON Corp. IP Holdings, LLC  v. Sensus USA Inc., et al.: Sensus's First 30(b)(6)
Deposition Notice

Dear Keith:

I write to follow up with you regarding the meet and confer we conducted on October 28, 2009.  As you recall, we discussed not only EON's unavailability on the noticed November 6, 2009 deposition date but also its objections to the noticed subject matters.  After further review, it is still our position that all of the noticed topics are improper because they violate Federal Rule of Civil Procedure 26(b)(4)(B), as well as other provisions of the Federal and Local Rules and also intrude upon privileged attorney-client communications.  While EON is very willing to designate a 30(b)(6) witness on non-objectionable topics, preparing a witness for the currently specified topics noticed would be unnecessarily burdensome, if not impossible.  However, during our discussion you indicated that the information that you sought from the deposition was merely a clarification of EON's infringement contentions under Local Rule 3-1(c).  You also indicated that you might be willing to withdraw the deposition notice if we were able to clarify our 3-1(c) contentions.

To date, EON believes that it has provided Sensus with the most particular infringement contentions both possible and required under the Local Rules.  Currently, the claim charts produced to Sensus on October 9, 2009 are nearly 200 pages long and make particular use of all of Sensus's publicly available information.  As you know, "[i]nfringement contentions are not meant to provide a forum for litigation of the substantive issues; they are merely designed to streamline the discovery process." *Linex Technologies, Inc. v. Belkin Intern., Inc*, 628 F. Supp. 2d 703, 713 (E. D. Tex. 2008) (Love, J.) *Orion IP, LLC v. Staples*, 407 F. Supp. 2d 815, 817 (E.D. Tex. 2006) (providing "representative examples of the alleged infringement" is enough to give fair notice under Patent Rule 3-1).  However, while EON has made an extraordinary effort to comply with the Local Rules, the particularity of the claim charts is necessarily constrained by the information available to EON.  Nevertheless, EON proposes the following compromise:

Keith Bryan Davis
November 4, 2009
Page 2

_____

Currently, Sensus's Patent Rule 3-4(a) deadline is scheduled for December 14, 2009.  If Sensus will produce these documents early and withdraw its deposition notice, EON will agree to amend/supplement its infringement contentions with the greater particularity Sensus has requested, on a rolling basis, as it reviews the information provided by Sensus.  Of course, EON will also agree to allow Sensus additional time to prepare its invalidity contentions in response to any updated infringement claims.

EON believes that this proposed compromise will address both parties' concerns without burdening the Court with an unnecessary discovery dispute.  I hope you find it equally satisfactory.  Please let us know if you would like to discuss these issues in greater detail.


Sincerely,

*Russ*

Russ Meyer


RAM:mca


cc:    Daron Dacus,
       Ramey & Flock, P.C.
       100 E. Ferguson, Suite 500
       Tyler, TX 75702


5652224v.1

**Blevins, Laura**

| | |
|---|---|
| **From:** | Blevins, Laura |
| **Sent:** | Thursday, November 05, 2009 4:00 PM |
| **To:** | 'kbdavis@jonesday.com' |
| **Cc:** | 'derond@rameyflock.com'; Meyer, Russ; Scardino, Daniel; Jackson, John; Rourk, Chris; Reed, Todd; Acosta, Matt; Kitner, Jeff |
| **Subject:** | EON: Meet and Confer Letter |
| **Attachments:** | Scan001.PDF |



Scan001.PDF
(98 KB)

Attached please find a letter from Russ Meyer.

Thanks,

Laura Blevins
Jackson Walker, L.L.P.
Assistant to Russ Meyer,
Scott McElhaney & Mike Byrd
901 Main Street, Suite 6000
Dallas, TX 75202
214-953-5916 (Direct Dial)
214-953-5822 (Fax)
lblevins@jw.com

1

EXHIBIT "B"



## JW

### JACKSON WALKER L.L.P.

ATTORNEYS & COUNSELORS

Russ Meyer
(214) 953-6134 (Direct Dial)
214-661-6613 (Direct Fax)
rmeyer@jw.com

November 11, 2009

**VIA ELECTRONIC MAIL**
Keith Bryan Davis
Jones Day - Dallas
2727 North Harwood Street
Dallas , TX 75201
kbdavis@jonesday.com

Re:     EON Corp. IP Holdings, LLC v. Sensus USA, Inc. et al.

Dear Keith:

Thank you for your prompt response to my November 5 letter. EON is disappointed that Sensus is unwilling to withdraw its Rule 30(b)(6) deposition notice, as currently drafted, and to consider a more appropriate means of securing the information it seeks. Through both our telephone conversations and your November 6 letter, it is clear that Sensus disputes the sufficiency of EON's Patent Rule 3-1(c) infringement contentions. We have tried to make it clear that EON is prepared to address those concerns. However, a Rule 30(b)(6) deposition is an inappropriate and unduly burdensome means of securing the information you seek in Exhibit A to the Deposition Notice (attached hereto for reference), which relates in its entirety to our PR 3-1(c) contentions.

If Sensus has problems with EON's infringement contentions, the proper solution is (i) a letter articulating your concerns in appropriate detail; (ii) a subsequent meet and confer to attempt to resolve the issues; and (3) if necessary, a motion seeking appropriate relief from the Court. However, since Sensus has neither articulated its concerns in a letter nor requested a conference over the sufficiency of EON's 3-1(c) contentions, it is impossible for EON to attempt to resolve any perceived issues. Further, any motion would be premature at this time. *See* Local Rule CV-7(h); *Konami Digital Entertainment Co., Ltd. v. Harmonix Music Systems, Inc.*, 2009 WL 34481489 at *2 (E.D. Tex. 2009). Nevertheless, EON is very optimistic that a discussion regarding Sensus's objections would yield positive results for both parties.[1]

Accordingly, EON strongly urges that Sensus voluntarily withdraw its current 30(b)(6) deposition notice to eliminate the need for EON to seek a protective order. In an effort to further this process, and in response to one of the letters you sent today, EON is willing to grant the

---

[1] To be clear, we believe that our claim charts comply with all relevant requirements.

Keith Bryan Davis
November 11, 2009
Page 2

thirty day extension you requested for Sensus's answers to EON's interrogatories if you will follow the appropriate procedures I propose herein and, as a show of good faith, withdraw the current 30(b)(6) deposition notice.[2]  However, if Sensus is unwilling to withdraw its current 30(b)(6) deposition notice, then EON will have no choice but to seek a protective order or other appropriate relief.  In that event, EON requests a conference on Monday, November 16, 2009 to discuss such a motion.

Sincerely,

*Russ*

Russ Meyer

cc:    Deron R. Dacus
       Ramey & Flock, P.C.
       100 E. Ferguson, Suite 500
       Tyler, TX 75702
       derond@rameyflock.com

       Hilda Galvan
       Jones Day – Dallas
       2727 North Harwood Street
       Dallas , TX 75201
       (hcgalvan@jonesday.com)

---

[2] Even if you do not agree to the proposed methodology, we will grant Sensus a one week extension in which to respond to EON's interrogatories as a matter of professional courtesy.

5654912v.3

EXHIBIT "C"



**JACKSON WALKER L.L.P.**
ATTORNEYS & COUNSELORS

Russ Meyer
(214) 953-6134 (Direct Dial)
(214) 661-6613 (Direct Fax)
rmeyer@jw.com

November 23, 2009

<u>**Via Electronic Mail**</u>
<u>hcgalvan@jonesday.com</u>

Ms. Hilda C. Galvan
Jones Day
2727 North Harwood Street
Dallas, Texas 75201

Re:    *EON Corp. IP Holdings, LLC v. Skytel Corporation, et al.*
U.S. District Court for the Eastern District of Texas, Tyler Division
Civil Action No. 6:08-cv-385

Dear Ms. Galvan:

I am writing in response to the meet and confer that we conducted on Monday, November 16, 2009. Very candidly, we were extremely troubled by what we consider to be a careless reference to Federal Rule of Civil Procedure 11. Our clients may have some differences regarding whether Sensus infringes the Patents-In-Suit, but we are very comfortable that our infringement contentions comply with all of the requirements of Patent Rules 3-1 and 3-2, as well as the case law applying Fed. R. Civ. P. 11 to such issues.[1]

The relevant cases make it clear that all that is required by P.R. 3-1 is specificity sufficient "to provide defendants with notice of infringement beyond that which is provided by the mere language of the patent [claims] themselves," utilizing all publicly available information. *See Orion IP, LLC v. Staples, Inc.*, 407 F.Supp.2d 815, 187 (E.D. Tex. 2006) (Davis, J.) (citing *STMicroelectronics, Inc. v. Motorola, Inc.*, 308 F.Supp.2d 754, 755 (E.D. Tex. 2004) (Davis, J.)).

In addition, the courts are quick to recognize that there is a limit to the detail that can be provided in a P.R. 3-1 contention when much of the pertinent information is non-public. *See American Video Graphics, L.P. v. Electronic Arts, Inc.*, 359 F.Supp.2d 558, 560 (E.D. Tex. 2005) (Davis, J.). For example, "[s]oftware cases present unique challenges for the parties and the courts because, prior to discovery, plaintiffs usually only have access to the manifestation of the defendants' allegedly infringing source code and not the code itself. From this manifestation, plaintiffs must somehow divine whether the defendants' code infringes. Although defendants

---

[1] We note, for the sake of completeness, that, to date, Sensus has neither complied with the procedural requirements of Rule 11(c)(2) nor has it explained how Rule 11 is applicable to PR 3-1(c) contentions, a form of discovery. See Fed. R. Civ. P. 11(d).

Ms. Hilda C. Galvan
November 23, 2009
Page 2

vigorously and rightly guard their source code, until plaintiffs have access to it, plaintiffs are typically unable to give highly specified infringement contentions." *Id.*

It is for this reason that the courts in the Eastern District have most readily permitted the amendment of infringement contentions when private information is secured through discovery. *Id.* at 560-61 (noting that the patent rules recognize a plaintiff's need to supplement infringement contentions after discovering non-public information from an accused infringer); *STMicroelectronics*, 308 F.Supp.2d at 756 ("the Patent Rules allow for an initial disclosure with additional detail supplemented in later disclosures because those rules allow parties to supplement their preliminary infringement contentions [with] technical information [ ] produced during discovery.")

During the meet and confer that EON called with regard to Sensus' improper 30(b)(6) deposition notice, you raised three specific issues regarding our infringement contentions: (1) why we believe that a patent that describes low power subscriber units can be applied to instruments that utilize two watts of power; (2) why we believe that a patent (at least in its abstract) that refers to interactive video can be applied to remote metering devices; and (3) why we believe that our patent is applicable to meters that are not electric (*i.e.*, water and gas meters).

As a courtesy, we address each of these inquiries in turn:

1) EON understands that Sensus has suggested that publicly available information necessarily precludes Sensus' products from meeting the claim limitation requiring "subscriber units that transmit and/or receive wireless information at low power or in the milliwatt range." EON believes that both intrinsic and extrinsic evidence support a meaning of "low power" that includes the accused Sensus products. No publicly available information affirmatively states that the accused products do not operate at low power or in the milliwatt range. To the extent that Sensus believes that the power levels of their meters are not "low power," that is an issue for claim construction. *Eon-Net LP v. Flagstar Bancorp*, 249 Fed. Appx. 189, 195 (Fed. Cir. 2007). Furthermore, to the extent that Sensus possesses non-public, confidential documents that conclusively show that the accused products do not operate at "low power or in the milliwatt range," EON requests that Sensus produce those documents as soon as possible so that EON may reevaluate its infringement positions accordingly.

2) Sensus has also indicated that publicly available information necessarily precludes EON from accusing products that do not contain an "interactive video network." EON believes that both intrinsic and extrinsic evidence indicate that references to an "interactive video network" in the claims are merely part of a preamble and not a substantive limitation. *Catalina Mktg. Int'l, Inc. v. Coolsavings.com, Inc.*, 289 F.3d 801, 808-809 (Fed. Cir. 2002). To the extent that Sensus believes that an "interactive video network" is a claim limitation, that is an issue for claim construction.[2]

---

[2] We further note that any request, at this point in time, eliciting EON's claim construction positions is improper in light of the timetable provided for in the patent rules. See P.R. 2-5(a).

Ms. Hilda C. Galvan
November 23, 2009
Page 3

3) Finally, Sensus has indicated that statements in its publicly available information that its accused "system supports one-way radio frequency (RF) transmission for water and gas meters," necessarily precludes those devices from meeting claim limitations requiring "two-way communication." While Sensus correctly points out that its publicly available information references "one-way" support for its water and gas meters, nothing in that information necessarily indicates that the products do not have "two-way" capability.

EON further believes that the simple transmission of control or timing data could meet the "two-way" claim limitations. To the extent that Sensus believes that its water and gas meters are not capable of "two-way" communication, that is an issue for claim construction. *Eon-Net LP v. Flagstar Bancorp*, 249 Fed. Appx. 189, 195 (Fed. Cir. 2007). Furthermore, to the extent that Sensus possesses non-public, confidential documents that conclusively show that the accused products are not capable of "two-way communication," EON requests that Sensus produce those documents as soon as possible so that EON may reevaluate its infringement positions accordingly.

Please be advised that the positions that we outline here are not meant to be exclusive or in any way preclude EON from asserting additional arguments in the future, they are merely exemplary. If you have other specific articulable questions regarding EON's infringement contentions, we will be happy to respond in an effort to assuage your concerns regarding their sufficiency. However, as you certainly know, there is a very specific procedure for addressing the alleged inadequacy of infringement contentions in the Eastern District of Texas. If you believe there are problems, it is incumbent upon you first to articulate those concerns in writing. We should then be afforded an opportunity to respond (as we do here, after you identified you three initial concerns). If that is inadequate, a further meet and confer is required. If that proves unsatisfactory, you have the right to file a Motion to Strike our infringement contentions.

As we have discussed previously, your remedy lies in such a Motion, not in a deposition designed to secure, prematurely, expert opinions in litigation such as this. *See Sensormatic Elec. Corp. v. WG Security Prods., Inc.*, No. 2:04-CV-167, 2006 WL 1305166 at *2 (E.D. Tex. May 11, 2006) (J. Ward) (holding 30(b)(6) could not be used as a vehicle to determine the opinions of consulting experts); *Mattel, Inc. v. Walking Mountain Productions*, 353 F.3d 792, 814 (9th Cir. 2003) (addressing the impropriety of seeking expert testimony through Rule 30(b)(6)).

It is also improper to use a reckless allegation of a Rule 11 violation to seek the premature discovery of expert opinions. A P.R. 3-1 infringement contention complies with Rule 11 if it is based on a vigorous review of publicly available information in light of the claims of the patent. *Q-Pharma, Inc. v. Andrew Jergens Co.*, 360 F.3d 1295, 1301 (Fed. Cir. 2004) (holding that plaintiff had no duty under Rule 11 to test samples of accused products in light of their reasonable claim construction positions); *Orion,* 407 F.Supp.2d at 817. EON's infringement contentions relating to both the '101 and '546 Patents clearly meet this standard. The infringement contentions are some 95 and 105 pages in length, respectively. They exhaustively match the specific portions of EON's asserted claims with the publicly available information that gives rise to EON's suspicions of Sensus's infringing activity. Sensus's mere

Ms. Hilda C. Galvan
November 23, 2009
Page 4

_____

disagreement with EON's reasonable and well supported interpretations of claim limitations is not a basis for invoking Rule 11.

Consequently, Sensus is (1) free to challenge the sufficiency of EON's P.R. 3-1 contentions by a Motion to Strike; (2) free to engage EON in claim construction; or (3) free to litigate the issue of infringement liability on the merits. It is not, however, appropriate to seek deposition discovery using the thin veil of a Rule 11 allegation in order to obtain premature access to an EON expert witness.

All of this, of course, brings us to your reluctance to provide access to the non-public information which Sensus is obligated to produce through discovery. We are prepared, as a courtesy, to give Sensus until December 7, 2009 in which to respond to EON's pending discovery and to comply with Sensus's disclosure obligations. However, we are not amenable to additional extensions of time in which to complete this discovery. We suspect that Sensus is reluctant to provide EON with the information we seek simply because it will reaffirm EON's initial conclusions and establish, more clearly than ever, that Sensus is guilty of infringing EON's patents.

We will be happy to discuss this with you further, but hope that our position is clear.

Very truly yours,

*Russ*

Russ Meyer
Jackson Walker L.L.P.

cc:    Keith Davis
       Daniel Scardino
       Chris Rourk
       Deron Dacus

EXHIBIT "D"

## Acosta, Matt

**From:**      Hilda C. Galvan [hcgalvan@JonesDay.com]
**Sent:**      Monday, November 23, 2009 5:36 PM
**To:**        Acosta, Matt
**Cc:**        Kitner, Jeff; Meyer, Russ; Deron Dacus; Keith B Davis; Lon Outland
**Subject:**   RE: Hilda extension


Gentlemen:

The agreement last week was that you would get back to us on Tuesday, Nov.
17, and let us know if you were agreeable to a mutual extension of time.
We have still not heard back from you on that issue.   While we accept your
additional one week extension on Sensus interrogatory responses, you have still  not notified us whether you will agree to
our proposal:

>    Extend Sensus' deadline for producing documents and responding to
> interrogatories until we receive responses to issues we have
> regarding your infringement contentions (not only those issues
> Keith and I have identified on our calls to date, but additional
> issues to be raised in a separate call).
> After this call, we will determine if a deposition of EON is still
> necessary.

If you cannot agree to this proposal, then as I explained on the meet and confer we will file a motion for protective order on
the discovery responses as well as a motion to compel the deposition of EON or in the alternative to require EON to
supplement its infringement contentions .

Please let me know by  10 a.m., Tuesday, Nov. 24, whether you are agreeable to this proposal.  Given the holidays and
the week delay in responding to our proposal, asking for a response by tomorrow morning is reasonable.

Thanks for your anticipated timely response.


Hilda C. Galvan
Jones Day
2727 North Harwood
Dallas, Texas 75201
214-969-4556
214-969-5100 (fax)



            "Acosta, Matt"
            <macosta@jw.com>
                                          To
                    "Hilda C. Galvan"
    11/17/2009 04:06        <hcgalvan@JonesDay.com>
    PM                                    cc
                    "Kitner, Jeff" <jkitner@jw.com>,
                    "Meyer, Russ" <rmeyer@jw.com>
                                      Subject
            RE: Hilda extension

1

Hilda,

     We are preparing a response to many of the issues you raised in yesterday's (November 17) meet and confer. Because of various scheduling conflicts and travel schedules, we will be unable to provide a comprehensive response for a few days.  We are aware that you are facing a discovery deadline that has not been resolved.  To compensate, please accept an additional 7 day extension on Sensus's interrogatory responses which we are offering as a courtesy.  Thank you for your understanding and we hope to provide you a written response by this week's end.


Regards,
Matt Acosta
Associate
Jackson Walker L.L.P
Phone: (214) 953-5806
Fax: (214) 661-6607



==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege.
If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========

EXHIBIT "E"

**Acosta, Matt**

| | |
|---|---|
| **From:** | Hilda C. Galvan [hcgalvan@JonesDay.com] |
| **Sent:** | Monday, November 30, 2009 5:50 PM |
| **To:** | Acosta, Matt |
| **Cc:** | Deron Dacus; Jackson, John; Kitner, Jeff; kbdavis@jonesday.com; Blevins, Laura; Meyer, Russ; Reed, Todd; Lon Outland |
| **Subject:** | Re: EON v. Sensus |
| **Attachments:** | iCon Advanced FlexNet Integrated Display Transceiver.pdf; Sensus FlexNet Gas Transmitter Specification.pdf; SensusFlexNetWater TransmitterSpecification.pdf |


iCon Advanced
FlexNet Integrat...


Sensus FlexNet Gas
Transmitter...


SensusFlexNetWat
er Transmitter...

Gentlemen,

Please find copies of confidential documents relating to the transmitters used in Sensus water and gas meters to communicate with the FlexNet system and the transceiver used in Sensus electric meters.  These documents establish what the publically available documents relied on for EON's infringement contentions (EON-SENS 00008-009) show: Sensus gas and water meters are meters with one-way communication.

These documents should be treated as Confidential pursuant to Judge Davis' form protective order (since there is no protective order in place in this case).  It should not be shared with anyone other than outside counsel of record.  We are hopeful that in view of these documents you will reconsider your request for discovery on Sensus one-way gas and water meters, including your request for financial information relating to these meters.

As required by the Federal Rules and the local rules, Sensus will supplement its interrogatory responses and document production to include information relating to two-way gas and water meters when those products become available.  We anticipate that such products may become available during the course of this litigation.

Please let us know by December 2nd whether EON will withdraw its request for discovery in connection with Sensus one-way gas and water meters.  We appreciate the extension of time until December 7th to respond to EON's First Set of Interrogatories.

Regards,
Hilda

(See attached file: iCon Advanced FlexNet Integrated Display Transceiver.pdf)(See attached file: Sensus FlexNet Gas Transmitter Specification.pdf)(See attached file: SensusFlexNetWater TransmitterSpecification.pdf)


Hilda C. Galvan
Jones Day
2727 North Harwood
Dallas, Texas 75201
214-969-4556
214-969-5100 (fax)



          "Acosta, Matt"
          <macosta@jw.com>
                                      To
                "Hilda C. Galvan"
11/24/2009 05:18      <hcgalvan@JonesDay.com>,

1

PM                          <kbdavis@jonesday.com>
                                   cc
                    "Kitner, Jeff" <jkitner@jw.com>,
                    "Meyer, Russ" <rmeyer@jw.com>,
                    "Jackson, John" <jjackson@jw.com>,
                    "Blevins, Laura" <lblevins@jw.com>,
                    "Reed, Todd" <treed@jw.com>, "Deron
                    Dacus" <derond@rameyflock.com>
                                Subject
                    EON v. Sensus

Counsel:

Please see the attached.

<<Scan001.PDF>>

Matt Acosta
Associate
Jackson Walker L.L.P
Phone: (214) 953-5806
Fax: (214) 661-6607 [attachment "Scan001.PDF" deleted by Hilda C.
Galvan/JonesDay]

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege.
If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========

EXHIBIT "F"



JACKSON WALKER L.L.P.

ATTORNEYS & COUNSELORS

Russ Meyer
(214) 953-6134 (Direct Dial)
214-661-6613 (Direct Fax)
rmeyer@jw.com

December 2, 2009

<u>Via Electronic Mail</u>
hcgalvan@jonesday.com

Ms. Hilda C. Galvan
Jones Day
2727 North Harwood Street
Dallas, Texas 75201

Re:     EON Corp. IP Holdings, LLC v. Skytel Corporation, et al. U.S. District Court for the Eastern District of Texas, Tyler Division Civil Action No. 6:08-cv-385

Dear Ms. Galvan:

Thank you for your e-mail of Monday, November 30, 2009, and the accompanying documents. We have reviewed the materials that you provided, and have the following observations regarding the gas and water meters described in the associated documents.

The meters are not operable within the FlexNet system as they are provided from the factory, and they must be configured using a handheld device in order to operate with the FlexNet system. During the configuration process, a receive frequency channel field is determined, as set forth in section 8.3.6 of both the gas transmitter specification and the water transmitter specification. This demonstrates that the meters are capable of receiving messages.

Section 8.4.4.2 of the gas specification describes the interactive processing between the handheld device, the gas meter and the FlexNet system when the gas meter is being set up. Section 10.3.6 of the gas specification shows that a receiver channel is set in nonvolatile memory, which further demonstrates that the gas meter is capable of receiving messages.

Appendix A of the water specification and appendix B of the gas specification describe the interactive processing between the handheld device, the meters and the FlexNet system when the meter is being set up. As such, it appears that the gas and water meters, though nominally "one-way," are provided with two-way functionality that is essential to configuring those meters for use with the FlexNet system.

In addition, appendix B of the water specification and appendix C of the gas specification describe a FlexNet system configuration called "Buddy Mode Using mPass Transmissions," which allows messages from gas and water meters to be relayed through "Buddy Transceivers," which together constitute a functional unit with the gas and water meters. As such, those meters

Ms. Hilda C. Galvan
December 2, 2009
Page 2
_____

would nonetheless constitute convoyed sales even if it is ultimately held that they are not covered by the asserted claims.

In conclusion, the selected few documents produced to date by Sensus appear to substantiate EON's assertion that the nominally "one-way" gas and water meters sold by Sensus are indeed pertinent to this matter, and that further discovery should be provided by Sensus. If you have further questions about this issue, please let me know.

Very truly yours,

*Russ*

Russ Meyer
Jackson Walker L.L.P.

cc:    Daniel Scardino
       Chris Rourk
       John Jackson
       Matt Acosta
       Deron Dacus