IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| EON CORP. IP HOLDINGS, LLC, § § § | | |
| Plaintiff, § § | CIVIL ACTION FILE | |
| v. § § | No. 6:09-cv-116-LED | |
| SENSUS USA INC., ET. AL., § § § | | |
| Defendants. § § | **JURY TRIAL DEMANDED** | |

### SENSUS USA INC.'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL AND, ALTERNATIVELY, MOTION TO STRIKE

Sensus files this Reply in support of its Motion to Compel Testimony Under Federal Rule of Civil Procedure 30(b)(6) and, alternatively, its Motion to Strike EON's Infringement Contentions (collectively "the Motion"). [Dkt. Nos. 88 & 89].

EON served its P.R. 3-1 disclosures on October 9, 2009.[1] Those disclosures failed to identify how the eleven identified Accused Instrumentalities allegedly read on the asserted claim language, as required by P.R. 3-1. Because EON has not clearly stated its theories of infringement,[2] Sensus cannot crystallize its non-infringement and invalidity theories, provide relevant discovery, or identify necessary terms for claim construction.[3] To obtain the much-needed clarity in an efficient manner, Sensus noticed a Rule 30(b)(6) deposition on EON's P.R. 3-1 disclosures. EON objected to the deposition and continues to refuse to provide a witness,

---

[1] *See Garmin LTD v. TomTom, Inc.*, No. 2:06-CV-338, 2007 WL 2903843 at *8 (E.D. Tex. Oct. 3, 2007) (a party's infringement contentions are considered its final contentions unless P.R. 3-6 allows for later amendment).

[2] *See STMicroelectronics, Inc. v. Motorola, Inc.* 308 F. Supp. 2d 754, 755 (E.D. Tex. 2004) (P.R. 3-1 requires the plaintiff's contentions to disclose specific theories of infringement).

[3] *See Connectel, LLC v. Cisco Sys., Inc.*, 391 F. Supp. 2d 526, 528 (E.D. Tex. 2005) ("Plaintiffs are expected to rigorously analyze all publicly available information before bringing suit and must explain with great detail their theories of infringement.").

contending both that its contentions are sufficient and that Sensus's deposition would require expert testimony.

Despite having been notified both orally and in writing of deficiencies with its P.R. 3-1 disclosures,[4] EON maintained throughout the extensive meet and confer process on this issue that its contentions were sufficient.[5] Yet now, in response to Sensus's Motion, based on the very deficiencies Sensus previously provided, EON concedes its contentions are deficient and offers "amended ICs,"[6] which were not filed with the Court as part of its Response, which Sensus has not received or reviewed, and which, in any event, have not been authorized by the Court under P.R. 3-6. Thus, Sensus remains in the dark about EON's unauthorized, "amended" P.R. 3-1 disclosures and whether EON's amendments have truly addressed all of Sensus's concerns.

Regardless, Sensus agrees that EON's original (and still current) infringement contentions are deficient, but disagrees with EON's excuses for the alleged sufficiency of those contentions. In particular, EON incorrectly argues that its contentions need not identify where any claim "term" used within the asserted claim elements is found in the accused instrumentalities.[7] Whether called an "element," "term," or some other label, it is clear from this Court's precedent that EON must provide detailed contentions identifying "specific theories of infringement,"[8] including the disclosure of where "each limitation of each asserted patent claim is found within each Accused Product."[9] This necessarily requires EON to show where each

---

[4] *See* Motion, Ex. F at 1-2 (Sensus letter dated Nov. 6, 2009, noting the deficiencies in EON's P.R. 3-1 disclosures).

[5] Motion, Ex. H (EON letter stating that it is "very comfortable that [its] infringement contentions comply with all the requirements of Patent Rules 3-1 and 3-2.").

[6] EON's Response to Motion at 6 (Dkt. No. 103).

[7] *Id.* At 7.

[8] *Connectel*, 391 F. Supp. 2d at 527.

[9] *Linex Techs, Inc. v. Belkin Int'l, Inc.*, 628 F. Supp. 2d 703, 707, 709 (E.D. Tex. 2008).

*part* of each limitation is found including, for example, what parts of the Accused Instrumentalities allegedly are "mobile" or "portable"; transmit in the "low-power" or "milliwatt" range; are an "interactive video system"; act as a "repeater"; are a "satellite"; and so forth—all of which are claim limitations. EON has not met its burden. Each of the claim "elements" charted by EON contain so many unidentified claim "terms" or "limitations," such as those identified above, that it is impossible to discern EON's specific theory of infringement.

More specifically, looking at claim 1 of the '101 Patent, for example, it is impossible from EON's disclosure to determine what portion of the Sensus FlexNet system allegedly reads on the "two way communication interactive video network" term. It is similarly impossible to determine what portion of the Sensus FlexNet system allegedly reads on the "network hub switching center," "base station," "remotely located reception stations," "base station data processing and transmission facilities," "cell subdivision site being adapted for receiving-only low power digital messages," "local subscriber transceiver units," or "base station broadcast signal" terms. This list is far from exhaustive; the problem persists throughout the claims, and is symptomatic of EON's block quote, cut-and-paste approach to its P.R. 3-1(c) claim charts. By failing to identify where each of the limitations can *specifically* be found in each accused instrumentality or features thereof, EON has failed to disclose any specific theory of infringement.

EON additionally argues that it "is not required to engage in this kind of diligence at this point in the litigation,"[10] contending that it will provide more specific contentions as discovery proceeds. But under this Court's precedent, it is EON's burden to "rigorously analyze all publicly available information before bringing suit and explain *with great detail* their theories of

---

[10] EON's Response to Motion at 8.

infringement."[11]  Further, because EON's infringement contentions are presumed to be final and may only be amended for good cause under P.R. 3-6,[12] EON's P.R. 3-1 disclosures should already explain how Sensus's FlexNet system allegedly reads on the asserted patent claims.[13] EON's disclosures fail to provide such explanation and there is no guarantee EON will be able to cure these deficiencies even after additional discovery from Sensus.  What EON has produced is, at best, a set of disjointed and disconnected quotations and citations to Sensus's public documents that fail to identify any specific theory of infringement.

EON does not dispute that the deposition testimony Sensus seeks about EON's P.R. 3-1 contentions is relevant or discoverable.[14]  Instead, EON attempts to hide behind Federal Rules of Evidence 701 and 702 to avoid providing a witness to testify as to its infringement contentions.[15] Sensus seeks through deposition testimony only information that is already required by the local patent rules, namely to understand EON's specific theories of infringement—how the accused Sensus products read on the asserted patent claims—and the factual bases underlying those theories.  Sensus is not asking for EON's expert opinions.  The Court should not let EON hide behind the federal rules of evidence to unilaterally avoid relevant discovery[16] on topics that are required by the local rules.  Sensus agrees that disclosing specific theories of infringement requires a fact-intensive analysis, but disagrees that it necessarily calls for expert opinion.

---

[11] *See Connectel*, 391 F. Supp. 2d at 528 (emphasis added).

[12] *See Garmin*, 2007 WL 2903843 at *8

[13] *See Linex*, 628 F. Supp. 2d at 709 ("In sum, Plaintiff must explain how each Accused Product is asserted to infringe each claim limitation.").

[14] *See generally* EON's Response to Motion; *see* Fed. R. Civ. P. 26(b)(1); *see also* Fed. R. Evid. 401.

[15] *See* EON's Response to Motion at 9-11.  EON further argues that Sensus has no need to depose someone "at this stage in the litigation," which implies that EON already expects to amend its contentions.  *Id.*  However, the local patent rules and opinions from this Court clearly state that a party's P.R. 3-1 disclosures are to be viewed as final and **not** a moving target.  *See Garmin*, 2007 WL 2903843 at *8.

[16] EON acknowledges that Sensus's 30(b)(6) notice relates "in its entirety to [EON's] PR 3-1(c) contentions." Motion, Ex. G at 1.

- 5 -

Indeed, EON's FRE objections really amount to nothing more than premature "form" objections under Local Rule CV-30 to any and every question Sensus might hypothetically ask about EON's infringement contentions, predicated on the assumption that only an expert can explain and understand EON's P.R. 3-1 disclosures.

* * * * *

This Court has repeatedly stated its policy of "liberal, open, and forthright discovery" of information that is "relevant to the claim or defense of any party."[17] Unless the Court has ordered otherwise, "methods of discovery may be used in any sequence."[18] A 30(b)(6) deposition, as requested by Sensus, will be the most efficient and effective way for Sensus to discover EON's specific theories of infringement, which are required by the local patent rules. Sensus therefore asks the Court to grant Sensus's motion to compel or, alternatively, grant Sensus's Motion to Strike EON's infringement contentions.

---

[17] *Garmin*, 2007 WL 2903843 at *8.

[18] *Id.*

December 23, 2009                                    Respectfully submitted,

/s/ Hilda C. Galvan
Hilda C. Galvan
Lead Attorney
Texas State Bar No. 00787512
Email: hcgalvan@jonesday.com
Keith B. Davis
Texas State Bar No. 24037895
Email: kbdavis@jonesday.com
Lon Outland
Texas State Bar No. 24065857
Email: loutland@jonesday.com
JONES DAY
2727 North Harwood Street
Dallas, TX 75201-1515
Telephone: (214) 220-3939
Facsimile: (214) 969-5100

Krista S. Schwartz
Illinois Bar No. 06238053
Email: ksschwartz@jonesday.com
JONES DAY
77 West Wacker
Chicago, IL 60601-1692
Telephone: (312) 782-3939
Facsimile: (312) 782-8585

ATTORNEYS FOR SENSUS USA INC.

## CERTIFICATE OF SERVICE

I certify that this document was filed electronically pursuant to Local Rule CV-5(a) on December 23, 2009. Pursuant to Local Rule CV-5(a)(3)(A), this electronic filing acts to electronically serve all counsel who have consented to electronic service via the Court's CM/ECF system.

/s/ Hilda Galvan

DLI-6285292v1