UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| EON CORP. IP HOLDINGS, LLC, <br><br> Plaintiff, <br> v. <br><br> SENSUS USA, INC, et al <br> Defendants. | § § § § § § § § § § | Civil Action No. 6:09-cv-116 <br><br> JURY TRIAL REQUESTED |

**PLAINTIFF'S SUR-REPLY TO SENSUS USA INC.'S MOTION TO COMPEL TESTIMONY**

Plaintiff EON Corp. IP Holdings, LLC ("EON") files this Sur-Reply to Sensus USA Inc.'s ("Sensus") Motion to Compel Testimony Under Federal Rule of Civil Procedure 30(b)(6); Alternatively, Sensus USA Inc's Motion to Strike Eon's Infringement Contentions (the "Motion") (Dkt. No. 88). In support hereof, EON would respectfully show the Court as follows:

**I. ARGUMENT AND AUTHORITIES**

**A. EON's Infringement Contentions Satisfy Patent Rule 3-1(b).**

This Court's Local Patent Rule 3-1(b) requires that infringement contentions set forth "particular theories of infringement with sufficient specificity to provide defendants with notice of infringement beyond that which is provided by the mere language of the patent [claims] themselves," utilizing all publicly available information. *Orion IP, LLC v. Staples, Inc.*, 407 F.Supp.2d 815, 817 (E.D. Tex. 2006) (Davis, J.) (citing *STMicroelectronics, Inc. v. Motorola, Inc.*, 308 F.Supp.2d 754, 755 (E.D. Tex. 2004) (Davis, J.). EON's Infringement Contentions more than meet these requirements.

In its Reply in Support of Its Motion to Compel And, Alternatively, Motion to Strike (the "Reply") (Dkt. No. 110), Sensus first asserts that, by amending its Infringement Contentions,

EON has admitted that those contentions were deficient. Not so. EON has always maintained that its Infringement Contentions satisfy the requirements of P.R. 3-1(b). But it was willing to amend those contentions to address certain of Sensus's complaints, even though these amendments were not required and, in most cases, merely involved repetition of material that was already contained in the Infringement Contention charts (which repetition Sensus also complained of).

Sensus next claims that, even as amended, the Infringement Contentions remain deficient. Specifically, Sensus argues that EON is required to show where each "part" of each limitation is found, including, for example, what parts of the Accused Instrumentalities allegedly are "mobile" or "portable"; transmit in the "low-power" or "milliwatt" range; are an "interactive video system"; act as a "repeater"; are a "satellite"; "and so forth," and asserts that each of those separate terms are claim limitations. (Reply, pgs. 2-3). But this assertion finds no support whatsoever in the Patent Rules. In addition, Sensus's claim of deficiency is hypocritical. That is, Sensus itself does not feel compelled to provide the same level of detail in its own Invalidity Contentions. *See, e.g.,* Exhibit A, (Exhibit A.1 to Sensus' P.R. 3-3(c) Claim Charts). In fact, the Invalidity Contention charts provided by Sensus, which are required by the Patent Rules to identify where, specifically, in each alleged item of prior art each element of each asserted claim is found, have a format that matches the format of the Infringement Contention charts that Sensus complains about, and there is absolutely no identification of any of the "parts" Sensus asserts in its Reply is required to comply with the Patent Rules. Because the relevant wording of Patent Rule 3-1(c) is identical to Patent Rules 3-3(c), it is clear that Sensus "talks the talk," but does not "walk the walk." However, EON disagrees that the microscopic level of detail that

Sensus claims the Patent Rules require is, in fact, required, and even if Sensus amends its invalidity contentions to provide that level of detail, EON would not be obliged to reciprocate.

### B. Sensus Has Failed to Demonstrate That a Rule 30(b)(6) Deposition Is Proper.

In its Response to Sensus USA Inc.'s Motion to Compel Testimony (the "Response") (Dkt. No. 103), EON details how, even if the Infringement Contentions were deficient, ordering EON to produce a corporate representative to clarify those contentions would be inappropriate under the Federal Rules and, in any event, would not be the most efficient way to correct those alleged deficiencies. (Response, pgs. 9-11)

Specifically, a 30(b)(6) deposition on EON's Infringement Contentions would necessarily require expert testimony on the highly technical subject matter of those contentions, contrary to Sensus's disingenuous claim otherwise, and this kind of expert testimony from a Rule 30(b)(6) witness is undiscoverable. *Sensormatic Elec. Corp. v. WG Security Prods., Inc.*, No. 2:04-CV-167, 2006 WL 1305166 at *2 (E.D. Tex. May 11, 2006) (Ward, J.); *see also, Mattel, Inc. v. Walking Mountain Productions*, 353 F.3d 792, 814 (9th Cir. 2003) (addressing the impropriety of seeking expert testimony through Rule 30(b)(6)). In its Reply, Sensus identifies no authority to refute the above-cited jurisprudence of this Court that specifically disallows the type of discovery Sensus seeks here. Nor does Sensus point the Court to any case law from any other jurisdiction in which a court has allowed a defendant to take the deposition of a corporate representative for purposes of clarifying infringement contentions. Instead, it argues absurdly that EON should not be allowed to "hide behind" the rules of evidence. (Reply, pg. 4) If requiring Sensus to observe and comply with the rules of procedure and evidence constitutes "hiding behind" those rules, the decisions of this Court have consistently upheld a party's right to insist upon just that.

### III. CONCLUSION

Plaintiff Eon Corp. IP Holdings, LLC, respectfully requests that the Court deny Defendant Sensus USA Inc.'s Motion to Compel Testimony Under Federal Rule of Civil Procedure 30(b)(6); Alternatively, Sensus USA Inc.'s Motion to Strike EON's Infringement Contentions.

DATED: December 31, 2009.

Respectfully submitted,

JACKSON WALKER LLP

/s/ *A.M. (Russ) Meyer, Jr.*
A.M. (Russ) Meyer, Jr. – Lead Counsel
Texas State Bar No. 13998700
John M. Jackson
Texas State Bar No. 24002340
Jeffrey P. Kitner
Texas State Bar No. 24032512
JACKSON WALKER, LLP
901 Main Street, Suite 6000
Dallas, TX 75202
[Tel.] (214) 953-6134
[Fax]: (214) 953-6613
email: rmeyer@jw.com

Daniel Scardino
Texas State Bar No. 24033165
JACKSON WALKER, LLP
100 Congress Avenue, Suite 1100
Austin, Texas 78701
[Tel.] (512) 236-2000
[Fax] (512) 236-2002
email: dscardino@jw.com

Deron R. Dacus
Texas State Bar No. 00790553
Ramey & Flock, P.C.
100 E. Ferguson, Suite 500
Tyler, Texas 75702
[Tel.] (903) 597-3301
[Fax] (903) 597-2413

email: derond@rameyflock.com

**ATTORNEYS FOR PLAINTIFF
EON CORP. IP HOLDINGS, LLC**

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document by the Court's CM/ECF system in accordance with Local Rule CV-5(a)(3) on this 31st day of December, 2009. Any other counsel of record will be served by facsimile transmission.

/s/ A.M (Russ) Meyer, Jr.