# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| **EON CORP. IP HOLDINGS, LLC,** § | |
| § | |
| v. § | NO. 6:09-cv-116 |
| § | |
| **SENSUS USA INC, et al.** § | |

## MEMORANDUM OPINION & ORDER

Before the Court are Defendant Sensus USA Inc.'s ("Sensus") Motion to Compel Testimony Under Federal Rule of Civil Procedure 30(b)(6); Alternatively, Sensus's Motion to Strike Plaintiff EON Corp. IP Holdings, LLC's ("EON") Infringement Contentions (Doc. Nos. 88, 89) and Sensus's Motion for Protective Order Against Discovery Related to Its One-Way Water and Gas Meter Products (Doc. No. 90). Both motions are fully briefed (Doc. Nos. 102, 103, 110, 111, 112, 113). Having considered the parties' submissions, the Court **DENIES** without prejudice Sensus's Motion to Compel or Strike (Doc. Nos. 88, 89) and **DENIES** Sensus's Motion for Protective Order (Doc. No. 90). However, the Court **ORDERS** EON to supplement its infringement contentions pursuant to this order.

## BACKGROUND

EON has alleged Sensus literally infringes claims 1-3, 8, 9, 12, 14, and 16-18 of U.S. Patent Nos. 5,388,101 ("the '101 patent") and claims 1-3 and 5-14 of U.S. Patent Nos. 5,481,546 ("the '546 patent"). The '546 patent is a continuation of the '101 patent. Both patents are entitled "Interactive Nationwide Data Service Communication System for Stationary and Mobile Battery Operated Subscriber Units" and are directed at base stations for processing communications from portable, low-power subscriber units. '101 Patent col. 3:32-4:21; '546 Patent 3:28-4:14. EON has

accused Sensus's water, gas, and electric meters that utilize its "FlexNet" wireless communication system.

On October 9, 2009, EON served its P.R. 3-1 infringement contentions (Doc. No. 59). EON disclosed each claim that is allegedly infringed, identified accused instrumentalities, and provided a chart purporting to identify where claim elements were found within some of the accused instrumentalities. Sensus contended these disclosures were deficient and noticed a deposition under Federal Rule of Civil Procedure 30(b)(6). EON objected to the deposition and refused to produce a witness. The parties' meet and confer attempts were unsuccessful, and Sensus brought this motion to compel, or, alternatively, to strike.

The parties' dispute over the sufficiency of EON's infringement contentions has contributed in part to a discovery dispute and Sensus's motion for a protective order. EON identified water, gas, and electric meters as accused instrumentalities. EON subsequently sought discovery regarding these products. Sensus opposed EON's discovery requests. Sensus believed the identification of water and gas meters as accused instrumentalities was improper because the meters were incapable of two-way communication, as Sensus argued the asserted claims required. Sensus brought this motion for a protective order to shield it from the time and expense of providing the requested discovery, or, alternatively, to require EON to pay the production costs.

## DISCUSSION

### I. Insufficiency of EON's Infringement Contentions

Sensus attacks the sufficiency of EON's infringement contentions on several grounds. Sensus notes some of the accused instrumentalities identified pursuant to P.R. 3-1(b) were not charted pursuant to P.R. 3-1(c). Sensus objects to EON's reliance on documents that allegedly refute

EON's infringement case because they describe gas and water meters that are incapable of two-way communication. Sensus argues EON failed to identify where certain claim elements were met in the accused instrumentalities. Finally, Sensus challenges EON's use of block quotes from and extensive string citations to Sensus documents.

In response, EON contends its infringement contentions are sufficient. EON states the accused instrumentalities allegedly absent from its charts are adequately described and, in many cases, are substantially identical to the disclosed materials.[1] EON disputes Sensus's characterization of documents relating to gas and water meters. EON argues Sensus's accusation that it failed to identify where certain claim elements are met is an attempt to litigate dispositive issues. Finally, EON contends its use of quoted material and string citations is adequate because Sensus can readily analyze referenced product specifications to determine correspondences between the accused instrumentalities and the patent language.

"[T]he Patent Rules are designed to streamline the discovery process." *American Video Graphics, L.P. v. Elec. Arts, Inc.*, 359 F. Supp. 2d 558, 560 (E.D. Tex. 2005). The Rules "requir[e] plaintiffs to disclose their [] infringement contentions before discovery has even begun." *Id.* Patent Rule 3-1 requires disclosure of infringement contentions, including:

> (a) Each claim of each patent in suit that is allegedly infringed by each opposing party;
>
> (b) Separately for each asserted claim, each accused apparatus, product, [or] device . . . ("Accused Instrumentality") of each opposing

---

[1] EON states in its response that it was also submitting proposed amended P.R. 3-1(c) charts that explicitly identify each accused instrumentality. This submission was not attached to EON's pleadings. *See also* DEF.'S REPLY at 2 ("Yet now, in response to Sensus's Motion, based on the very deficiencies Sensus previously provided, EON concedes its contentions are deficient and offers 'amended ICs,' which were not filed with the Court as part of its Response, which Sensus has not received or reviewed, and which, in any event, have not been authorized by the Court under P.R. 3-6").

> party of which the party is aware. This identification shall be as specific as possible. . . . Each product, device, and apparatus must be identified by name or model number, if known . . .
>
> (c) A chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality . . .

P.R. 3-1.

Proper infringement contentions provide a defendant with notice of a plaintiff's infringement theories. *Linex Techs., Inc. v. Belkin Int'l, Inc.*, 628 F. Supp. 2d 703, 706 (E.D. Tex. 2008) (noting "enough specificity is required to give an alleged infringer notice of the patentee's claims"). This notice focuses discovery and narrows issues for claim construction, summary judgment, and trial. *Connectel, LLC v. Cisco Sys., Inc.*, 391 F. Supp. 2d 526, 526 (E.D. Tex. 2005). The Rules do not require the disclosure of specific evidence nor do they require a plaintiff to prove its infringement case. *Realtime Data, LLC v. Packeteer, Inc.*, No. 6:08-cv-144, 2009 WL 2590101, at *5 (E.D. Tex. Aug. 18, 2009) (stating "[i]nfringement contentions are not intended to require a party to set forth a *prima facie* case of infringement and evidence in support thereof"); *see also Balsam Coffee Solutions Inc. v. Folgers Coffee Co.*, No. 6:09-cv-089, 2009 WL 4906860, at *3 n.2 (E.D. Tex. Dec. 9, 2009) (observing "P.R. 3-1 does not require the disclosure of evidence and documents supporting infringement contentions . . ."); *Realtime Data, LLC v. Packeteer, Inc.*, No. 6:08-cv-144, 2009 WL 5216909, at *2 n.3 (E.D. Tex. July 20, 2009) (explaining the identification of evidence obtained during discovery can aid in satisfying the notice function of infringement contentions); *Samsung SDI Co. v. Matsushita Elec. Indus. Co.*, No. , 2006 WL 5097360, at *1 (C.D. Cal. June 5, 2006) (explaining "[t]he plaintiff is not . . . required to produce evidence of infringement . . . or to provide evidentiary support for its contentions" (quotations omitted)). "Infringement contentions are not

meant to provide a forum for litigation of the substantive issues; they are merely designed to streamline the discovery process." *Linex Techs.*, 628 F. Supp. 2d at 713 (citing *STMicroelectronics, Inc. v. Motorola, Inc.*, 308 F. Supp. 2d 754, 755 (E.D. Tex. 2004)) (quotations omitted).

EON's infringement contentions are deficient because they fail to identify each accused instrumentality in its 3-1(c) chart. The infringement contentions include one claim chart for each asserted claim. The accused system identified by each claim chart is simply described as "Sensus FlexNet and compatible equipment." The description of the accused system explicitly references only six of the eleven disclosed accused instrumentalities. For example, the infringement contentions identify a Tower Gateway Base Station and a Model 510X FlexNet SmartPoint Transmitter. The '101 patent claim chart describes the operation of the Tower Gateway Base Station, *e.g.* Doc. No. 88-3 at 58, but never describes or otherwise references the Model 510X FlexNet SmartPoint Transmitter. P.R. 3-1(c) requires EON to specifically explain how each accused instrumentality meets the asserted claim elements. EON's infringement contentions fail because they do not identify every of the accused instrumentalities. EON argues unidentified instrumentalities are essentially described in the chart and that providing the requested descriptions will result in repetitive descriptions. If certain portions of EON's chart are applicable to more than one of the accused instrumentalities, then EON should clearly indicate as much. EON need not unnecessarily duplicate its efforts, as such repetition is inefficient and does not advance the notice function.

EON's use of block quotes from and string citations to Sensus documents is likewise insufficient to satisfy the notice function intended by P.R. 3-1 infringement contentions. The six referenced instrumentalities appear in block quote excerpts from product specifications and reports. The referenced instrumentalities also appear in the titles of documents EON routinely string cites.

The block quote excerpts describe the operation of the referenced instrumentalities and their features, but EON does not otherwise explain its theories of how the accused instrumentalities satisfy the asserted claim elements. The purpose of infringement contentions is to provide notice of EON's infringement theories. *Linex Techs.*, 628 F. Supp. 2d at 706. Identification of evidence supporting an infringement theory may aid the notice function. *Realtime Data, LLC v. Packeteer, Inc.*, No. 2009 WL 5216909, at *2 n.3. Simply block quoting references, however, does not necessarily advise a defendant of where a plaintiff believes asserted elements are found in an instrumentality. Similarly, although citing documents has a role and may further notice, it does not, in and of itself, fulfill the notice function. EON must put forward its position as to where it believes particular limitations are met by the accused instrumentalities. EON's theories may be bolstered or further illuminated by citations to documents and evidence, but identification of evidence alone does not independently satisfy the notice function of the rules.

However, Sensus's objections to EON's use of documents that Sensus contends refute EON's infringement case lack merit. Sensus argues the documents EON relies on describe gas and water meters incapable of two-way communication. Sensus opposes the use of these documents because it believes the asserted claims can only be infringed two-way devices. These objections raise substantive issues that are not properly addressed by infringement contentions. Patent Rule 3.1 does not require EON to marshal evidence or otherwise prove its infringement case. *Realtime Data, LLC*, 2009 WL 2590101 at *5. Whether certain documents support or refute EON's infringement case is a question for summary judgment or trial. The use of these documents does not render EON's infringement contentions deficient.

Sensus also objects to EON's fail to explain its interpretation of certain claim terms, such as

"local remote receiver," "portable," or "lower power." Sensus argues that it is self-evident that the water, gas, and electric meters are not portable. Similarly, Sensus argues its accused meters do not transmit at low power. Sensus's objections are directed toward claim construction positions that EON need not disclose prior to the deadline for P.R. 4-2 disclosures. *See* P.R. 2-5(a). EON's position regarding the meaning of these terms are properly reserved for claim construction briefing.

EON's infringement contentions are deficient for the reasons discussed above. The appropriate avenue for correcting these deficiencies is to afford EON the opportunity to supplement its contentions. Thus, the requested 30(b)(6) deposition is unnecessary at this time. Likewise, striking EON's contentions is inappropriate. Sensus is free to renew its request for these forms of relief if EON's supplemented contentions are also deficient.

## II. Discovery Related to Sensus's One-Way Gas & Water Meters

As noted above, Sensus opposes EON's discovery request related to water and gas meters that Sensus characterizes as "one-way" devices. Sensus submits a declaration from its director of water and gas meter development stating the identified gas and water meters are incapable of two-way communication by way of the FlexNet Network. Sensus argues the gas and water meters cannot infringe because the asserted claims require two-way communication. Sensus further argues EON is not entitled to discovery based on the mere suspicion or speculation that the gas and water meters may infringe. Believing the requested discovery to be unduly burdensome and wasteful, Sensus moves the Court to shield it from this request or to order EON to bear the expense of production.

EON contends discovery relating to these devices is relevant. EON identifies evidence describing the devices as capable of two-way communication via a handheld programmer that relays messages from the FlexNet Network. Thus, EON disputes Sensus's representations that the gas and

water meters are incapable of two-way communication. EON argues its discovery request should not be denied because it has established discovery related to these devices may lead to relevant evidence. Finally, EON argues Sensus has failed to show good cause for entry of a protective order or to show an undue burden justifying a shifting of discovery expenses.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). "A party . . . from whom discovery is sought may move for a protective order in the court where the action is pending," and "[t]he court may, for good cause, issue an order to protect a party . . . from . . . undue burden or expense." FED. R. CIV. P. 26(c)(1). Although "discovery rules are to be accorded a broad and liberal treatment," a court "should not neglect [its] power to restrict discovery" to protect a party from undue burden or expense. *Herbert v. Lando*, 441 U.S. 153, 177 (1979). "The burden is upon the movant to prove the necessity of a protective order, 'which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.'" *Ferko v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 218 F.R.D. 125, 133 (E.D. Tex. 2003) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir.1978)).

Sensus has failed to show good cause for entering a protective order shielding it from EON's discovery request. Although complying with discovery requests can be an expensive endeavor, Sensus has failed to come forward with a demonstration of fact that it would be unduly burdened. *See Ferko*, 218 F.R.D. at 133. Morever, EON has shown that discovery relating to Sensus's gas and water meters may be relevant to its claims. EON has identified a plausible basis for a theory of infringement by these devices and is entitled to discovery.

## **CONCLUSION**

For the foregoing reasons, the Court **DENIES** without prejudice Sensus's Motion to Compel or Strike (Doc. Nos. 88, 89) and **DENIES** Sensus's Motion for Protective Order (Doc. No. 90). The Court **ORDERS** EON to supplement its infringement contentions pursuant to this order by January 29, 2010. The Court **ORDERS** Sensus to comply with EON's discovery request by February 19, 2010.

**So ORDERED and SIGNED this 21st day of January, 2010.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE