**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| EON CORP. IP HOLDINGS, LLC, | § § § § | |
| Plaintiff, | § | CIVIL ACTION NO. 6:09-CV-116 |
| v. | § § | |
| SENSUS USA INC., ET. AL., | § § | **JURY TRIAL DEMANDED** |
| Defendants. | § § | |

**SENSUS USA INC.'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL
TESTIMONY UNDER FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)**

Defendant Sensus USA, Inc. ("Sensus") files this reply in support of its Motion to Compel testimony from Plaintiff EON Corp. IP Holdings, LLC ("EON") [Dkt. No. 214]. Rather than filing a timely response, EON filed a motion for an extension of time [Dkt. No. 223] and then one week later filed its response [Dkt. No. 233] to Sensus's motion.

Unfortunately for both the Court and Sensus, EON's discovery gamesmanship from the *Verizon* case has now made its way to this case. After representing to Sensus that the August 11th conference call was a "meet and confer," EON now attempts to hide behind Local Rule CV-7(h) because EON's local counsel was not on that call. Yet, EON never informed anyone on the call that Mr. Dacus was not present, and EON likewise never said anything, until now, about the conference call being improper under Local Rule CV-7(h). Then, undoubtedly in an attempt to further delay the relief Sensus has requested, EON filed its response to Sensus's motion a week after it was due without the Court's permission to do so.

And, more importantly, contrary to EON's representation, EON has still not provided witnesses on various topics identified in Sensus's deposition notices. First, EON has not

provided Sensus with a 30(b)(6) witness on technical topics.[1] EON did present the inventor, Mr. Gilbert Dinkins, for a 30(b)(1) deposition on September 13–14, 2010. Shortly before that deposition began, EON identified some 30(b)(6) topics that Mr. Dinkins would allegedly be able to testify about;[2] however, in his personal capacity,[3] Mr. Dinkins testified that he had no knowledge about or contact with EON after he left the company in April 1995.[4] Without this knowledge, Mr. Dinkins would not have been able to answer questions on 30(b)(6) technical topics after April 1995. Both days of testimony by Mr. Dinkins were under 30(b)(1), and at the conclusion of his deposition, counsel noted the need to schedule the 30(b)(6) deposition on technical topics.[5] Since the 30(b)(1) deposition of Mr. Dinkins was completed, EON has made no effort to identify dates or a witness for this 30(b)(6) deposition.

With respect to topics relating to issues that are relevant to damages and laches, EON did provide one witness for deposition, Mr. Alfonso Barragan. Mr. Barragan, however, did ***nothing*** to prepare for the deposition[6] and thus was unable to provide appropriate testimony. Thus, Sensus has still not been provided a 30(b)(6) witness that is prepared and able to answer questions about those corporate topics requested by Sensus.[7]

Further, in response to Sensus's Fourth 30(b)(6) notice,[8] served on August 24, 2010,

---

[1] *See* Sensus's Second and Third Rule 30(b)(6) Notices (Exs. A & B to Sensus's Motion [Dkt. No. 214]).

[2] E-mail dated September 13, 2010 from Daniel Scardino to Keith Davis (Ex. A).

[3] Although EON has indicated otherwise, the deposition of Mr. Dinkins on September 13–14 was solely a 30(b)(1) inventor deposition. *See* Dep. Tr. of Gilbert M. Dinkins at 4–5 (Sept. 13, 2010) (Ex. B).

[4] *See* Dep. Tr. of Gilbert M. Dinkins at 216–17(Sept. 14, 2010) (Ex. C).

[5] *See* Dep. Tr. of Gilbert M. Dinkins at 419 (Sept. 14, 2010) (Ex. C).

[6] *See* Dep. Tr. of Alfonso Barragan at 15–17 (Sept. 22, 2010) (Ex. D).

[7] Indeed, EON refuses to even provide contact information for family members of Mr. Barragan who had a more active role in EON's business in the 1990's and early 2000's.

[8] *See* Ex. D to Sensus's Motion [Dkt. No. 214].

EON did not provide Sensus with a date for the deposition until almost six weeks later[9] and the date (November 15) was only one week before fact discovery closes on November 22, 2010.[10] EON, for the first time in its delayed response, now says it is attempting to move the date earlier.

EON's delay tactics must end, as Sensus continues to be prejudiced by EON's failure to provide witnesses prepared to testify on the designated topics in a timely manner. Therefore, Sensus respectfully requests that the Court compel EON to provide a complete schedule of deponents and 30(b)(6) topics that each deponent will testify about for Sensus's Second, Third, and Fourth 30(b)(6) notices of EON Corp. IP Holdings, LLC and for Sensus's subpoena and 30(b)(6) Notice of EON Corporation.

October 5, 2010                                       Respectfully submitted,

/s/ Hilda C. Galvan
Hilda C. Galvan
Lead Attorney
Texas State Bar No. 00787512
Email: hcgalvan@jonesday.com
Keith B. Davis
Texas State Bar No. 24037895
Email: kbdavis@jonesday.com
Lon Outland
Texas State Bar No. 24065857
Email: loutland@jonesday.com
JONES DAY
2727 North Harwood Street
Dallas, TX 75201-1515
Telephone: (214) 220-3939
Facsimile: (214) 969-5100

ATTORNEYS FOR SENSUS USA INC.

---

[9] *See* EON Objections and Responses to Sensus's 30(b)(6) Notices at 15 (Ex. C to EON's Response [Dkt. No. 233]) ("EON will produce a witness to testify as to these matters for examination on November 15, 2010").

[10] *See* Amended Docket Control Order at 3 [Dkt. No. 232].

## **CERTIFICATE OF SERVICE**

      I certify that this document was filed electronically pursuant to Local Rule CV-5(a) on October 5, 2010.  Pursuant to Local Rule CV-5(a)(3)(A), this electronic filing acts to electronically serve all counsel who have consented to electronic service via the Court's CM/ECF system.

                                                /s/ Hilda Galvan

DLI-6325200v2