**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| EON CORP. HOLDINGS, LLC, | § § § § | |
| Plaintiff, | | |
| v. | § § | Civil Action No. 6:09-CV-116 |
| SENSUS USA INC. ET AL., | § § | JURY TRIAL REQUESTED |
| Defendants. | § § | |

**SENSUS USA INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF NON-INFRINGEMENT ON DATA MESSAGES OF VARIABLE LENGTH**

**TABLE OF CONTENTS**

I.  INTRODUCTION ................................................................................................................ 1

II. STATEMENT OF ISSUES TO BE DECIDED ................................................................ 2

III. STATEMENT OF UNDISPUTED MATERIAL FACTS ................................................ 2

IV. SUMMARY JUDGMENT STANDARD ........................................................................... 6

V.  ARGUMENT ........................................................................................................................ 6

VI. CONCLUSION .................................................................................................................... 9

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Southwall Techs., Inc. v. Cardinal IG Co.*, 54 F.3d 1570 (Fed. Cir. 1995)     7–8

*E-Pass Techs., Inc. v. 3Com Corp.*, 473 F.3d 1213 (Fed. Cir. 2007)     8

I. **INTRODUCTION**

Sensus moves for summary judgment of noninfringement of claims 1 and 9 of U.S. Patent No. 5,388,101[1] and claims 1−3, 5, 7−8, and 12−13 of U.S. Patent No. 5,481,546[2] (collectively, the "Asserted Claims").[3] Each of these claims recites a communication system that transmits and receives "multiplexed, synchronously related data messages of variable lengths" to and from subscriber units.

EON's expert opines that the NA2W data messages used by the FlexNet systems satisfy the "data messages of variable lengths" element in this limitation. However, as explained in Sensus' earlier filed no evidence summary judgment motion,[4] the NA2W frame format does not exist in two of the three accused FlexNet systems: (i) one-way water and gas FlexNet systems and (ii) two-way electric FlexNet systems. As a result, these two systems cannot and do not satisfy the "data messages of variable lengths" limitation and thus, cannot infringe the Asserted Claims.[5]

Although the NA2W frame format is present in Sensus' two-way water and gas FlexNet systems, the two-way water and gas systems do not satisfy the "data messages of variable lengths" limitation because the NA2W messages are messages of a fixed-length. Furthermore, the two-way water and gas FlexNet systems do not satisfy the other elements in the disputed limitation: "multiplexed", "synchronously related", and transmitted to and received from subscriber units. Although the disputed limitation requires these additional elements, EON's expert does not and cannot opine that:

- the alleged NA2W variable length messages are multiplexed;
- the alleged NA2W variable length messages are synchronously related; and

---

[1] Ex. 1.

[2] Ex. 2.

[3] EON has also accused Sensus of infringing '546 patent claim 14, which is not at issue in this motion.

[4] Dkt. No. 272.

[5] Dkt. No. 272.

- the alleged NA2W variable length messages are transmitted to and received from the electric, water and gas meters (the alleged subscriber units).

For these reasons, the Court should enter partial summary judgment that Sensus' two-way water and gas FlexNet systems do not infringe the Asserted Claims.[6]

## II.   STATEMENT OF ISSUES TO BE DECIDED

1. Could a reasonable jury find that Sensus' two-way water and gas meters transmit and receive multiplexed, synchronously related digital data messages of variable length?

2. Assuming that the Court does not find that two-way electric meters and one-way water and gas meters do not use NA2W format, could a reasonable jury find that Sensus' two-way electric meters and one-way water and gas meters transmit and receive multiplexed, synchronously related digital data messages of variable length?

## III.   STATEMENT OF UNDISPUTED MATERIAL FACTS

### A.   THE ASSERTED CLAIMS

All of the Asserted Claims recite multiplexed, synchronously related data messages of variable length that are transmitted to and received from a subscriber unit. The relevant limitations from the claims are:

- '101 patent claim 1:[7]   "[B]ase station data processing facilities and transmission facilities for *transmitting to* a set of local subscriber units *receiving from* a subset of those local subscriber units … *multiplexed synchronously related digital data messages of variable length*" and "a set of local subscriber transceiver units … each adapted to communicate with said base station by way of *digital data signals of variable lengths* and *timed for said multiplexed message transmission*." (Ex. 1, at 11:33−37 and 49−53 (emphasis added).)

- '546 patent claim 1:   "[L]ocal base station repeater cell means … further comprising base station data processing and transmission means for *transmitting to* a set of said local subscriber units … and *receiving from* a

---

[6] As explained in Sensus' no evidence summary judgment motion, the two-way electric FlexNet systems and the one-way water and gas FlexNet systems do not use the NA2W format and thus, there is no evidence that these FlexNet systems satisfy the "data messages of variable length" limitation. However, to the extent that the Court does not resolve this issue or finds against Sensus, then for the same reasons set forth herein for two-way water and gas FlexNet systems, the Court should enter partial summary judgment that Sensus' two-way electric FlexNet systems and one-way water and gas FlexNet systems do not infringe the Asserted Claims.

[7] '101 patent claim 9 depends on '101 patent claim 1.

- 2 -

subset of said local set of subscriber units *multiplexed synchronously related digital data messages of variable lengths*" and "a set of local subscriber transceiver units … each of said local subscriber transceiver units adapted to communicate with said local base station repeater cell means by way of *digital data signals of variable lengths synchronously related to a base station broadcast signal and timed for multiplexed message transmission*." (Ex. 2, at 10:60−11:4 and 11:18−24 (emphasis added).)

- '546 patent claim 2:[8] "[B]ase station repeater cell means … further comprising … data processing and transmission means for *transmitting to and receiving from* at least one of said plurality of said subscriber units *multiplexed, synchronously related data messages of variable lengths* …" and "reception means for *receiving* and processing *said multiplexed synchronously related data messages from at least one of said plurality of subscriber units …*" (Ex. 2, at 11:31−40 and 11:44–49 (emphasis added).)[9]

Thus, according to the claim language, the variable length data messages must be both transmitted to and received from a subscriber unit, as well as be timed for multiplexed transmission and synchronously related.[10] The parties did not ask the Court to construe "variable lengths," whose plain and ordinary meaning the parties understood to be "a data message having a length that is variable."[11] The Court construed "multiplexed" to mean "combined messages transmitted over a single radio-frequency channel,"[12] and "synchronously related" to mean "related in time and/or frequency."[13]

**B. THE ACCUSED SENSUS FLEXNET SYSTEMS AND EON'S INFRINGEMENT THEORIES**

EON's infringement expert Dr. Bims opines that Sensus' "FlexNet AMI Networks" infringe '101 patent claims 1 and 9 and '546 patent claims 1–3, 5, 7–8, and 12–14.[14]

---

[8] '546 patent claims 3, 5, 7–8, and 12–13 depend on '546 patent claim 2.

[9] '546 patent claim 2 further recites that the "reception means" receives and processes "said … data messages …," which corresponds to the variable-length data messages transmitted by the subscriber units. (Ex. 2, at 11:44−49).

[10] Ex. 1 at 11:33−37 and 49−53; Ex. 2, at 10:60−11:4; 11:18−24; 11:31−40; 11:44–49.

[11] Indeed, EON's expert Dr. Bims applied this meaning of "variable length" in his infringement analysis. (Opening Expert Report of Dr. Harry V. Bims Regarding Infringement ("Bims Report") at ¶¶ 142, 160, 193, 219, 258, 273) (Ex. 3).

[12] Dkt. No. 205, at 47.

[13] Dkt. No. 205, at 32.

[14] Bims Report at ¶¶ 4, 302 (Ex. 3).

Specifically, Dr. Bims opines that Sensus' electric, water and gas meters are the allegedly-infringing "subscriber units," and that the "MPASS NA2W FORMAT" data message is the claimed "data messages of variable length."[15]  Dr. Bims cites to the "length" field of the NA2W format to opine that NA2W data messages can be variable lengths.[16]  Section 1.0.9 of the FlexNet Communications Protocol Specification cited by Dr. Bims in support of his opinion is reproduced below:

**MPASS NA2W FORMAT**

This new frame format is used for all messages destined for an NA2W Endpoint. It has several differences from the existing FlexNet frame, including the ability to support variable length, a portion of the header (FlexNet ID and Length/Timeslot) which can be decoded and analyzed separately from the rest of the message, and several new fields.

| Leader | Sync | FlexNet ID | Length/ Timeslot | Utility Supp. | CTRL Byte | Encrypt. Key Index | Repeat/ Status Byte | App Seq. | App Code | CMD Type | Buddy Routing Addr. | App Data | CRC |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 0xAA 48-Bits | 2-Bytes See Section 1.0.10 for details | 28-Bit FlexNet ID, 4 LS bits (3:0) of encrypt. Key index | See Section 1.0.12 for details | 2 Bytes | See Section 1.0.4 for details | MS Bits of key index (11:4) | See Section 1.0.14 for details | App Seq. of Meter Read Mes. | See Table | See Table | 4-bytes | 23-bytes | 32 bit CRC |

(Ex. 6, at SENSUS319681.)  As shown, an NA2W message has a "length/timeslot" field to specify the length of the NA2W message.  In the source code for two-way water and gas meters, the length field is hard coded to the same value for *every* NA2W message.  In other words, every NA2W message is the same fixed length, and ***cannot be variable***.

Section 1.0.12 of the protocol specification discloses that the only possible value of the "length" bits for the NA2W message "length/timeslot" field is zero (0):

---

[15] Bims Report ¶¶ 142, 160 ('101 patent claim 1); ¶¶ 166, 193, 219 ('546 patent claim 1); ¶¶ 239, 258 ('546 patent claim 2); ¶ 273 ('546 patent claim 5) (Ex. 3).

[16] Bims Report ¶¶ 142, 160, 193, 219, 258, 273 (Ex. 3).

### 1.0.12 Length/Timeslot

This byte is split into 4 Bits of Length information and 4 Bits of Timeslot information:

| Value of Bits (0:3) | Un-encoded Length (not including Sync or Leader) |
|---|---|
| 0 | 45 Byte length (standard) |
| 1 – 15 | (reserved) |

(Ex. 6, at SENSUS319682.)  This fact is undisputed.  Indeed, Sensus' expert Dr. Wicker examined the source code implementing NA2W messages, and confirmed that the length field was hard coded as a fixed length.[17]  EON's expert, on the other hand, did not review the source code, even though it had been available for inspection for months.  As a result, Dr. Wicker's opinion that NA2W messages are fixed-length in the source code is unrebutted.  This opinion is further supported by the testimony of Dan Pinney, Sensus' Director of Water and Gas AMI Development, who testified that NA2W frames have a fixed length that cannot be changed.[18]  Dr. Bims chose to ignore Mr. Pinney's testimony and thus, it also stands unrebutted.

The elements of the disputed claim limitation cannot be read in isolation.  Each of the Asserted Claims require "*multiplexed, synchronously related data messages of variable lengths*" to be transmitted to and received from the subscriber units.   Dr. Bims does not opine that the NA2W data messages (the alleged messages of variable lengths) are transmitted to and received by the meters (the alleged subscriber units), that the NA2W data messages (the alleged messages of variable lengths) are multiplexed, or that the NA2W data messages (the alleged messages of variable lengths) are synchronously related, as required by the Asserted Claims.[19]  Instead, Dr. Bims identifies other features of the FlexNet systems to opine that the "multiplexing" and "synchronously related" elements are satisfied.  For "multiplexing," Dr. Bims opines that "group commands" satisfy this limitation, without any analysis about the relationship between NA2W

---

[17] Wicker Rebuttal Report at 34–36 (Ex. 4).

[18] Pinney Dep. at 44:25–46:23; 128:2–130:24 (Ex. 5).

[19] Bims Report at ¶¶ 142, 160, 166, 193, 219, 239, 258, and 273 (Ex. 3).

data messages and group commands.[20] Similarly, for "synchronously related," Dr. Bims opines that various features of the FlexNet system satisfy this limitation, but without any analysis about the relationship between NA2W data messages and those features.[21] Dr. Wicker, on the other hand, opines that NA2W messages are only sent to two-way water and gas meters, and are *not received* from these meters.[22] This opinion finds support in the same FlexNet Protocol Specification cited by Dr. Bims: "MPASS NA2W FORMAT – This new frame format is used for all messages ***destined for an NA2W Endpoint***."[23] Dr. Wicker concluded that NA2W messages are not "multiplexed, synchronously related digital data messages" that are transmitted to and received from subscriber units, and that Sensus does not infringe '101 patent claims 1 and 9 or '546 patent claims 1–3, 5, 7–8, or 12–13.[24] These opinions by Dr. Wicker stand unrebutted by Dr. Bims.

## IV. SUMMARY JUDGMENT STANDARD

Sensus incorporates by reference the summary judgment standard set forth in its Motion for Partial Summary Judgment of Noninfringement for the Accused FlexNet Electric and One-Way Water and Gas Systems filed on November 24, 2010.[25]

## V. ARGUMENT

EON's expert Dr. Bims has failed to opine that the accused FlexNet systems have "multiplexed, synchronously related digital data messages of variable length" that are both transmitted to and received from the allegedly infringing FlexNet meters. The NA2W data messages, which are the only feature of the accused FlexNet systems identified by Dr. Bims as

---

[20] Bims Report at ¶¶ 107, 137–39, 164, 188–90, 237, 256, and 275 (Ex. 3).

[21] Bims Report at, e.g., ¶¶ 114–16, 119, 121–23, 140 (Ex. 3).

[22] Wicker Rebuttal Report at 33–34 (Ex. 4).

[23] Ex. 6, at SENSUS00319681 (cited by Bims Report, Ex. 3, at ¶¶ 142, 160, 193, 219, 258, 273) (emphasis added).

[24] Wicker Rebuttal Report at 31–38, 46–47, 48 (Ex. 4).

[25] Dkt. No. 272.

satisfying the "data messages of variable lengths" element in this limitation, are not used in two of the three accused FlexNet systems: (i) one-way water and gas FlexNet systems and (ii) two-way electric FlexNet systems. Further, although NA2W messages are present in Sensus' two-way water and gas FlexNet systems, this disputed limitation is still not satisfied by the accused FlexNet Systems because it is undisputed that all NA2W data messages are fixed-length, that NA2W data messages are not received from two-way FlexNet meters, and that NA2W data messages are not multiplexed or synchronously related.

### A.   NA2W MESSAGES ARE FIXED LENGTH

The applicable source code, which was reviewed by Dr. Wicker and which is consistent with the Sensus protocol specification, establishes that the accused NA2W messages are hard-coded to a fixed length.[26] Deposition testimony from Mr. Pinney also confirms that NA2W messages are of fixed length.[27] Dr. Bims' opinions ignored and failed to rebut Mr. Pinney's testimony as well as the protocol specification.[28] Dr. Bims further failed to review the applicable source code or to otherwise show that NA2W messages are variable length.[29] The undisputed and unrebutted material facts are that the NA2W messages are fixed in length; they are not "messages of variable lengths" as required by the claims. As a result, Sensus is entitled to summary judgment of noninfringement. *See Southwall Techs., Inc. v. Cardinal IG Co.*, 54 F.3d 1570, 1575 (Fed. Cir. 1995) (requiring a limitation to be found "exactly" for literal infringement).

### B.   EON HAS FAILED TO SHOW THAT NA2W MESSAGES ARE TRANSMITTED TO AND RECEIVED FROM SUBSCRIBER UNITS

Dr. Bims also did not opine that NA2W messages are sent to and received from the accused FlexNet meters. The Sensus protocol specification expressly states that NA2W messages are sent only in one direction—to a FlexNet meter.[30] Dr. Bims offered no analysis that

---

[26] Wicker Rebuttal Report at 31–38 (Ex. 4).

[27] Pinney Dep. at 44:25–46:23; 128:2–130:24 (Ex. 5).

[28] Bims Report ¶¶ 142, 160, 166, 193, 219, 239, 258, and 273 (Ex. 3).

[29] Wicker Rebuttal Report at 20–21, 31–38 (Ex. 4).

[30] Ex. 6, at SENSUS319681; *see also* Wicker Rebuttal Report at 33–34 (Ex. 4).

NA2W messages are both sent to and received from FlexNet meters.[31] In fact, the only opinion Dr. Bims presented on NA2W messages is that they are variable length.[32] Because Dr. Bims failed to show that NA2W messages are both sent to and received from FlexNet meters, as required by the claims, summary judgment of noninfringement should be granted to Sensus. *See Southwall Techs., Inc.*, 54 F.3d at 1575; *E-Pass Techs., Inc. v. 3Com Corp*, 473 F.3d 1213, 1222 (Fed. Cir. 2007).

### C. EON HAS FAILED TO SHOW THAT NA2W MESSAGES ARE "SYNCHRONOUSLY RELATED" OR "MULTIPLEXED"

Dr. Bims also did not opine or show that NA2W messages are "synchronously related" or "multiplexed," as required by the claims. Instead, for these limitations, Dr. Bims cited other alleged features of the accused FlexNet systems without any discussion of their relationship, if any, to NA2W data messages. For "multiplexing," Dr. Bims presented only one theory why the "multiplexing" claim limitations are satisfied—that the Sensus FlexNet systems can use "group commands," with slotted responses.[33] Nowhere did Dr. Bims opine that the slotted, multiplexed responses are NA2W messages, which is required for there to be infringement.[34] Similarly, although Dr. Bims presented various theories that the FlexNet system had "synchronously related" data messages, nowhere did he opine or show that NA2W messages are synchronously related, which is required for there to be infringement.[35] As a result, Sensus is entitled to summary judgment of noninfringement. *See Southwall Techs., Inc.*, 54 F.3d at 1575; *E-Pass Techs.*, 473 F.3d at 1222.

---

[31] Bims Report at ¶¶ 142, 160, 193, 219, 258, 273 (Ex. 3).

[32] Bims Report at ¶¶ 142, 160, 193, 219, 258, 273 (Ex. 3).

[33] Bims Report at ¶¶ 107, 137–39, 164, 188–90, 237, 256, 275 (Ex. 3).

[34] *Id.*; *see also* Wicker Rebuttal Report at 21, 48 (noting failure by Dr. Bims to opine that NA2W data messages are multiplexed) (Ex. 4).

[35] Bims Report at, e.g., ¶¶ 114–16, 119, 121–23, 140 (Ex. 3); *see also* Wicker Rebuttal Report at 21, 39, 46–47 (noting failure by Dr. Bims to opine that NA2W data messages are synchronously related to a base station broadcast signal or to other data messages) (Ex. 4).

## VI.     CONCLUSION

Even when considered in the light most favorable to EON, the undisputed and unrebutted material facts are that NA2W data messages are fixed-length and are not received from FlexNet meters. EON's expert Dr. Bims failed to opine or provide analysis showing that NA2W data messages are "multiplexed, synchronously related digital data messages of variable length" sent to and received from Sensus' electric, water, and gas meters, as required to infringe '101 patent claims 1 and 9 and '546 patent claims 1−3, 5, 7−8, and 12–13. As a result, there is no infringement of these claims, and summary judgment should be granted to Sensus.

| | |
|---|---|
| November 29, 2010 | Respectfully submitted,<br><br>/s/ Hilda Galvan<br>Hilda C. Galvan<br>Lead Attorney<br>Texas State Bar No. 00787512<br>Email: hcgalvan@jonesday.com<br>Keith B. Davis<br>Texas State Bar No. 24037895<br>Email: kbdavis@jonesday.com<br>Lon Outland<br>Texas State Bar No. 24065857<br>Email: loutland@jonesday.com<br>JONES DAY<br>2727 North Harwood Street<br>Dallas, TX 75201-1515<br>Telephone: (214) 220-3939<br>Facsimile: (214) 969-5100<br><br>ATTORNEYS FOR SENSUS USA INC. |

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed via CM/ECF and was served upon all counsel of record via CM/ECF on November 29, 2010.

/s/ Hilda Galvan

CERTIFICATE OF AUTHORITY TO FILE UNDER SEAL

I hereby certify that pursuant to Local Rule CV-5(a)(7) and Paragraph 25 of the Protective Order [Dkt. No. 202], the Court has granted authorization to seal documents in this case.

/s/ Hilda Galvan

DLI-6333830v1