UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| EON CORP. IP HOLDINGS, L.L.C., § | § | Civil Action No. 6:09-cv-116 (LED) |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | **JURY TRIAL REQUESTED** |
| SENSUS METERING SYSTEMS, | § | |
| INC., et al., | § | |
| Defendants. | § | |

### DEFENDANT BELL INDUSTRIES, INC.'S
### MOTION FOR SANCTIONS AGAINST EON CORP. IP HOLDINGS, LLC

Defendant Bell Industries, Inc. ("Bell") files this Motion for Sanctions ("Motion") against EON Corp. IP Holdings, LLC ("EON"). EON failed to disclose **_over thirty_** documents, which it acquired possession of months before the close of discovery. These documents were so notable that EON included them on its trial exhibit list, yet it did not disclose them to the Defendants until after filing its trial exhibit list. Also, after EON identified these documents as proposed trial exhibits, it was notified that they had not been produced. EON's counsel nevertheless certified to this Court that it had complied with this Court's standard discovery order, which obviously required EON to produce the documents without awaiting a discovery request.

EON obviously has violated the Court's Discovery Order. (*See* Dkt. # 65, pp. 1-2). It also is obvious that the Court is authorized to sanction EON for its misconduct by excluding the proposed trial exhibits that it failed to disclose. *See, e.g., Chimie v. PPG Indus.*, 402 F.3d 1371, 1381 (Fed. Cir. 2005) (affirming decision to exclude "critical evidence" not timely disclosed). Finally, it is clear that EON should be sanctioned, both to penalize EON for its violation of the Discovery Order and, just as importantly, to deter EON from failing to satisfy its disclosure

obligations in the other lawsuits it has pending before this Court. Allowing *this* Plaintiff to flagrantly violate its disclosure obligations will embolden *other* parties to treat their disclosure obligations with a similar lack of reverence. In short, EON should not be permitted to use the more than thirty untimely-disclosed documents at trial.

**I.    FACTUAL BACKGROUND**

EON has repeatedly failed to make timely disclosures. The factual background relevant to some of these failures[1] is as follows:

**A.    EON Failed To Disclose Documents It Acquired During The Course Of The *Verizon* Litigation**

On January 19, 2011, EON was informed that it had never produced the documents identified as exhibits 1 and 38-71[2] on its proposed, but not yet filed, trial exhibit list. *See* Exhibit 1, Email from Jones Day firm to EON's counsel dated January 19, 2011. The Joint Pretrial Order was due shortly thereafter. Submission of that document required the parties' counsel to make the following certification:

> The undersigned counsel for each of the parties in this action do hereby certify and acknowledge the following: (1) Full and complete disclosure had been made in accordance with the Federal Rules of Civil Procedure and the Court's orders . . . .

(Dkt. # 356, p. 21). The Court's Discovery Order, of course, requires the parties to provide to

---

[1] In the past few days, Bell has become aware of documents bearing a bates-label of "SG" that EON has in its possession. These documents apparently were produced by another entity sued by EON in connection with bankruptcy litigation involving the same patents-in-suit, some of the same accused technology, and a party who acquired assets accused of infringement from Bell (i.e., Skyguard LLC). Bell continues to investigate this issue and expects to promptly supplement this Motion.

[2] *See* Dkt. # 356-6. These exhibits are marked with several different bates-labels, and apparently were received by EON at different times by different parties during the course of the *Verizon* litigation.

every other party, without awaiting a discovery request, a copy of all relevant documents. (Dkt. # 65, pp. 1-2). EON, therefore, was reminded that it had to produce the then unproduced documents in order to make the certification required by the pretrial order. *See* Exhibit 2, Email from Defendants' counsel to EON's counsel dated January 24, 2011. EON ignored this reminder, and also did not produce the documents. Despite failing to produce the documents, EON's counsel made the certification in the Joint Pretrial Order and filed it on January 25, 2011. (Dkt. # 356, p. 22).

EON did not produce its proposed trial exhibit numbers 1 and 38-71 until February 1, 2011.[3] *See* Exhibit 3, Letter from EON's counsel to Defendants' counsel dated February 1, 2011. In the letter finally transmitting these trial exhibits, EON acknowledged that they had not been previously produced in the litigation. *Id.* Yet, EON never has provided any explanation as to why the documents were not produced until **after** the close of discovery and **after** the Joint Pretrial Order (containing an exhibit list identifying these documents) was filed with the Court.

### B. EON Failed To Disclose Documents Related To A Witness Relevant To Its Own Claims And Bell's Laches Defense

In the *Verizon* litigation, Verizon identified Andrei Galanin ("Galanin") as a witness relevant to its defense of laches against EON's infringement claims. Galanin also was identified as a witness relevant to Bell's laches defense in this litigation. <u>After the close of discovery in this litigation</u>, Bell's counsel learned that Verizon attempted to depose Galanin in the *Verizon* suit, through issuance of a subpoena to Galanin, and that EON's counsel opposed Verizon's efforts to do so, including by going so far as to move to quash the subpoena on behalf of Galanin. Bell's counsel was surprised to learn this because no documents related to the quashing of the Galanin subpoena had been produced by EON in this litigation. Consequently, on February 3, 2011,

---

[3] The final discovery deadline, which was delayed multiple times, was December 3, 2010.

Bell's counsel requested EON to produce:

> ***all*** documents related to Andrei Galanin, including but not limited to the following:
>
> - any subpoenas directed to Mr. Galanin;
> - any motions or briefing related to subpoenas directed to Mr. Galanin;
> - any correspondence, including emails, with Verizon or its counsel regarding Mr. Galanin;
> - any correspondence, including emails, between EON and its counsel and Mr. Galanin;
> - any agreements between Mr. Galanin and EON, its counsel, or anyone else; and
> - any documents or correspondence sent to or received from Mr. Galanin.

*See* Exhibit 4, Email from Defendants' counsel to EON's counsel dated February 3, 2011. On February 4, 2011, EON's counsel responded and represented:

> Regarding Mr. Galanin, as you know Verizon sought to take his deposition late in the case and motion practice in Judge Love's court as well as in the S.D.N.Y. ultimately precluded that deposition. Those documents, including the subpoena, are publicly available and to the extent any were filed under seal, which I do not recall being the case, those have been provided to Bell ***as have all Galanin-related documents***.

*See* Exhibit 5, Email from EON's counsel to Defendants' counsel dated February 4, 2011 (emphasis added). Despite EON's counsel's emphatic insistence that all Galanin-related documents had already been produced, they subsequently (one week later and without any explanation whatsoever) produced a zip file of documents identified as "documents related to Verizon's subpoena to Andrei Ivan Galanin". *See* Exhibit 6, Email from EON's counsel to Defendants' counsel dated February 11, 2011. This zip file included 31 documents with over 350 pages, including correspondence and sealed pleadings filed with the Court related to the subpoena. Once again, EON did not produce these documents to Bell until after discovery concluded and EON's counsel had already made the certification required by the Joint Pretrial Order. The contents of the zip file are attached hereto as sealed Exhibit 7.

## II.  LEGAL STANDARD

"When a party fails to obey an order regarding discovery, Federal Rule of Civil Procedure 37 provides district courts with broad discretion to 'make such orders in regard to the failure as are just,' which includes 'prohibiting the party from introducing designated matters in evidence.'" *Chimie*, 402 F.3d at 1381 (quoting Fed. R. Civ. Proc. 37(b)(2)). "Rule 37 sanctions must be applied diligently both 'to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent.'" *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 763 (1980). "Rule 37(b)(2) contains two standards – one general and one specific – that limit a district court's discretion. First, any sanction must be 'just'; second, the sanction must be specifically related to the particular 'claim' which was at issue in the order to provide discovery." *Ins. Corp. of Ir. v. Compagnie Des Bauxites De Guinee*, 456 U.S. 694, 707 (1982). Bell is reasonably asking this Court to bar EON from using evidence that it failed to disclose pursuant to the Court's Discovery Order. It is unquestionable that such a sanction is just, and it clearly is related to EON's violation of the Court's order.

## III.  ARGUMENT

### A.  EON Withheld And Untimely Produced Documents In Violation Of The Court's Discovery Order And The Federal Rules

#### 1.  The Untimely Produced Documents Are Relevant To A Claim Or Defense

The Discovery Order entered in this matter clearly states that documents relevant to any claim or defense are to be produced pursuant to the Patent Rules as well as the Discovery Order. (Dkt. # 65, pp. 2-3). The Local Rules provide guidance on what information may be considered "relevant to the claim or defense of any party" such that production is required without a discovery request. *See* Local Rule CV-26(d). More specifically, the Local Rules state that this

includes information that deserves to be considered in the preparation, evaluation or trial of a claim defense, as well as information that reasonable and competent counsel would consider reasonably necessary to prepare, evaluate, or try a claim or defense. *See id.* Both the trial exhibits (Exhibit Nos. 1 and 38-71) as well as the Galanin-related documents are relevant to a claim or defense. These documents were not produced to Bell until after the discovery period had concluded and after the Joint Pretrial Order had been filed. Therefore, EON's belated production of these documents necessarily violates the Local Rules, as well as this Court's Discovery Order.

The proposed trial exhibits in particular should have been produced long before they were even identified as trial exhibits in the present matter. These exhibits were produced in the *Verizon* litigation that involved the ***same*** patents-in-suit as well as the ***same*** accused system at issue in this matter. Moreover, the trial exhibits ***specifically concern and relate to*** the accused system. There is no question that these documents are relevant, EON knew of these documents, and that these documents were in EON's actual possession. Accordingly, EON had a clear obligation to produce these documents, yet failed to do so. In fact, EON's failure to timely produce these documents should be considered willful, particularly given the context as well as the fact that these are many of the very documents that EON will attempt to use to prove its case at trial.[4]

### 2.   EON Failed To Timely Produce The Documents At Issue

EON clearly was obligated to produce the documents at issue pursuant to this Court's Discovery Order, and it is indisputable that they were not timely produced. EON never moved the Court for any relief related to their obligation to produce these documents, nor did EON seek

---

[4] Bell also continues to maintain that these trial exhibits are inadmissible because they are not authenticated and constitute and contain at least one level of hearsay.

any modifications to this Court's Orders that would otherwise require production of these documents without a discovery request. EON cannot demonstrate that it made a reasonable effort to produce these documents in a timely manner. Indeed, EON apparently disregarded its discovery obligations without any excuse or justification. Moreover, EON made at least one material misrepresentation concerning the existence of relevant documents that were not timely produced. EON's actions (or, rather, inaction) demonstrate what may only be considered a willful violation of the Court's Discovery Order.

### B.   EON Certified The Joint Pretrial Order Concerning Production Of These Documents, And Its Certification Was Not Justified

In addition, the Joint Pretrial Order required the Parties to certify that "[t]he undersigned counsel for each of the parties in this action do hereby certify and acknowledge the following: (1) full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure and the Court's orders." (Dkt. # 356, p. 21). EON's certification in the Joint Pretrial Order was improper, as EON had not made a full and complete disclosure of the relevant documents in its possession. EON failed to produce all of the documents contained on its trial exhibit list before making this certification. Certification to the Court in the Joint Pretrial Order is intended to inform the Court that a party has complied with the disclosure rules, and certainly that all documents listed on a party's trial exhibit list have been produced. Precluding EON from use of the untimely produced documents at trial is required to demonstrate that failure to comply with the pretrial order certifications has consequences.

### C.   EON's Gamesmanship Should Not Be Rewarded

"This Court adheres to a policy of liberal, open, and forthright discovery and will not tolerate gamesmanship." *See ReedHycalog UK, Ltd. v. United Diamond Drilling Servs.*, 2008 U.S. Dist. LEXIS 93177, at *6-*7 (E.D. Tex. Oct. 3, 2008) (citing *Garmin Ltd. v. TomTom, Inc.*,

No. 2:06-CV-338, 2007 U.S. Dist. LEXIS 74032, 2007 WL 2903843, at *8 (E.D. Tex. Oct. 3, 2007) (Davis, J.); *STMicroelectronics v. Motorola, Inc.*, 308 F. Supp. 2d 754, 755 (E.D. Tex. 2004); *VirnetX, Inc. v. Microsoft Corp.*, No. 6:07-CV-80, 2008 U.S. Dist. LEXIS 94854, Memorandum Opinion and Order (Docket No. 117), 11-12 (E.D. Tex. June 4, 2008) (Davis, J.)). EON has engaged in gamesmanship, and its conduct is particularly egregious, because:

- a substantial portion of the documents that were withheld are documents that EON included on its trial exhibit list and now seeks to introduce at trial;
- its counsel certified to this Court that it had complied with its discovery obligations under circumstances that rendered it totally inappropriate to do so;
- it has refused to provide any explanation for its failures to disclose; and
- when initially confronted with its own failures to disclose, its counsel incorrectly represented, without any apparent justification, that it had produced all relevant documents.

This misconduct should not go unsanctioned.

### D. The Court Cannot Be Assured That EON Has Produced All Relevant Documents

EON's belated piecemeal production of documents, particularly those that it seeks to use at trial, raises a serious concern. Specifically, Bell is left to wonder what other relevant documents – that EON does not intend to rely on trial – are in EON's possession, but have not been produced. Perhaps there may be unproduced documents that Bell might have wanted to consider in rebutting EON's case. Given EON's complete lack of diligence in producing those documents of which Bell is ***now aware***, no one can be confident that EON's production is complete. This, of course, is exactly the problem that the discovery rules as well as the Court's Orders seek to avoid. This is yet another reason that EON should be sanctioned – it needs to be

deterred from engaging in these tactics in the future, particularly in its other lawsuits that are now pending before this Court.

## IV. CONCLUSION

Bell respectfully requests the reasonable sanction of exclusion of specific documents that were not timely disclosed for EON's flagrant violation of this Court's Discovery Order. Such a sanction is just, and is necessary to deter EON, and others, from treating disclosure obligations with due deference.

WHEREFORE, Bell prays for an Order that EON is precluded from introducing or otherwise relying upon exhibits 1 and 38-71 identified on EON's Trial Exhibit List filed as an exhibit to the Joint Pretrial Order dated January 25, 2011 (Dkt. # 356-6). Bell also requests all such other and further relief to which it may be entitled.

Dated: March 25, 2011

Respectfully Submitted:

/s/ *Casey L. Griffith*
Casey L. Griffith
Texas Bar No. 24036687
Kirby B. Drake
Texas Bar No. 24036502
KLEMCHUK KUBASTA LLP
8150 N. Central Expressway
Suite 1150
Dallas, Texas 75206
Telephone: (214) 367-6000
Fax: (214) 367-6001
casey.griffith@kk-llp.com
kirby.drake@kk-llp.com
docketing_kkllp@me.com

        AND

Robert Christopher Bunt
State Bar No. 00787165
Charles Ainsworth
State Bar No. 00783521
PARKER, BUNT, &
AINSWORTH, P.C.
100 East Ferguson, Suite 1114
Tyler, Texas 75702
Telephone: (903) 531-3535
Fax: (903) 533-9687

**COUNSEL FOR DEFENDANT
AND COUNTERLAIMANT
BELL INDUSTRIES, INC.**

### CERTIFICATE OF CONFERENCE

I hereby certify that I have complied with the meet and confer requirement in Local Rule CV-7(h). On March 23, 2011, Chris Bunt and I conducted a personal telephone conference with Jeff Johnson and Deron Dacus, attorneys representing EON regarding the substance of this Motion. No agreement could be reached, making the filing of this Motion necessary.

        /s/ *Casey L. Griffith*
        Casey L. Griffith

### CERTIFICATE OF SERVICE

This is to certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 25th day of March 2011.

        /s/ *Casey L. Griffith*
        Casey L. Griffith